## THE PEOPLE *v.* JOSE DE LA GUERRA.

EMBEZZLEMENT BY TAX COLLECTOR.—An indictment against a Tax Collector for embezzling money collected for taxes does not charge two offenses if it states that he received a certain sum for licenses due the State, and a certain other sum for licenses due the county, and then charges him with embezzling the sum total.

APPEAL from the County Court, County of Santa Barbara.

The facts are stated in the opinion of the Court.

*J. G. McCullough, Attorney-General,* for the People, argued that the indictment charged only one offense, as it was proper, if not necessary, to charge the defendant in the same count with the embezzlement of both the State and county moneys. He argued that in indictments for larceny it was common to charge in the same count the stealing of property from different persons at the same time and in the same act; and cited Wharton's Precedents, Chap. V, p. 193; 1 Wharton's Crim. Law, Sec. 391.

By the Court, CURREY, C. J.:

The sixty-sixth section of the Act concerning crimes and punishments provides that every servant, officer or person employed in any public department, station or office of the government of this State, or of any county of this State, who shall embezzle any money, being the property of the State or county, shall on conviction thereof be punished by imprisonment in the State Prison for a term not less than one year nor more than ten years. (Laws 1850, p. 236.)

The defendant, who was the Sheriff and Tax Collector of Santa Barbara County, was indicted for the crime of embez-

zlement.   In the stating part of the indictment he is charged with having received fifty dollars for licenses due the State, and five hundred and fifty-two dollars and fifty cents for licenses due said county, amounting in the whole to six hundred and two dollars and fifty cents, and that on or about the 5th of March, 1866, at said county, he embezzled said last mentioned sum, the property of said State and county, " with intent to appropriate the same to his own use," etc.

To the indictment the defendant demurred on the grounds :

First—That the indictment does not substantially conform to the requirements of sections two hundred and thirty-seven and two hundred and thirty-eight of the Criminal Practice Act.

Second—That more than one offense is charged in the indictment.

Third—That the facts stated in the indictment do not constitute a public offense.

The Court sustained the demurrer on the second ground stated, and gave judgment for the defendant.   From this judgment the people have appealed.

The moneys collected by the Tax Collectors for licenses are required to be paid into the County Treasury, and when so collected and paid the statute prescribes how the same shall be apportioned between the State and county, except that the money for certain licenses shall be paid into the County Treasury for county purposes alone.   (Hittell's Dig. 6,228, 6,243.)   Until the moneys so collected are paid into the County Treasury they are undivided, though it may be known what portion will be for the use of the State and what portion for the use of the county, when the same shall be divided. The act of embezzlement charged was an undivided or single act, and, consequently, the proper mode of stating the offense was according to the fact.   The embezzlement set forth in the indictment constituted one offense only ; and the matters necessary to be charged are stated " in such a manner as to

53

enable a person of common understanding to know what is intended." (Crim. Pr. Act, Secs. 246, 247.)

The judgment is reversed and the cause remanded, with directions to the Court below to permit the defendant to plead to the indictment.