ANNIE HERMAN *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa October 31, 1889.*

1. CRIMINAL LAW—*felonies—misdemeanors—distinguished.* Offenses made punishable, under our statute, by imprisonment in the penitentiary, or fine, or both, are misdemeanors only, and not felonies.

2. The offenses made punishable by section 46 of the Criminal Code, as amended by the act of 1887, are misdemeanors, while the offenses embraced in section 1 of the Criminal Code, and section 2 of "An act to prevent the prostitution of females," approved June 17, 1887, are felonies.

3. SAME—*conviction for a lesser offense.* Where a defendant is put upon his trial for a crime which includes an offense of an inferior degree, he may be acquitted of the higher offense and convicted of the lesser.

4. SAME—*joinder of counts—for felonies and misdemeanors.* In this State counts for felonies and counts for misdemeanors may be joined in the same indictment, as, where all the counts relate to the same transaction. If the counts cover the same transaction, though involving offenses of a different grade, the court has the power to preserve all rights of the defense intact.

5. SAME—*election by prosecution—as to several offenses charged.* If two or more offenses charged form parts of one transaction, and are of such a nature that a defendant may be guilty of both or all, the prosecution will not, as a general rule, be put to an election. The right of demanding an election, and the limitation of the prosecution to one offense, is confined to charges which are actually distinct from each other, and do not form parts of one and the same transaction.

6. SAME—*general verdict—some of the counts abandoned—presumption.* On the trial of parties under an indictment of ten counts, a *nolle prosequi* was entered as to four of the counts. The jury returned a verdict finding the defendants "guilty in manner and form as charged in the indictment." No instructions were preserved in the record: *Held,* that it must be presumed that the court instructed the jury to disregard the abandoned counts, and that the finding was upon the remaining six counts.

7. SAME—*evidence in support of verdict—presumption—in absence of bill of exceptions.* Where parties are tried under several counts of an

indictment which are not inconsistent with each other, and it is pos-sible that the evidence may have been such as to establish guilt under each and all the counts, and the evidence is not preserved in the record, it will be presumed that the conviction was upon all the counts.

Writ of Error to the Criminal Court of Cook county; the Hon. Frank Baker, Judge, presiding.

Mr. M. Salomon, for the plaintiffs in error:

Three of the counts charge misdemeanors, and the others felonies. This court has held that an offense punishable by imprisonment or by fine is a misdemeanor. *Lamkin* v. *People,* 94 Ill. 502.

This joinder of counts for felonies and misdemeanors, and the refusal of the court to quash the indictment on motion of the defendants, was error, as it is well settled in this State that an indictment containing counts for felonies and also counts for misdemeanors can not be sustained, and such an indictment should be quashed, on motion. *Lyons* v. *People,* 68 Ill. 271; *Beasley* v. *People,* 89 id. 579; Archibold on Crim. Pl. and Pr. (8th ed. by Pomeroy,) 292; *Hilderbrand* v. *State,* 5 Mo. 548.

The verdict, not designating on which of the counts the finding of the jury was made, should have been set aside.

The court erred in not sustaining defendant's motion in arrest of judgment. Confining the argument solely to the counts that are submitted to the jury, there yet remain three counts for felony and three for misdemeanor. The verdict is: "Guilty in manner and form as charged in the indictment." It has been repeatedly held that such a verdict will not support a judgment, and can not be allowed to stand. *Toles* v. *Cole,* 11 Ill. 562; *Knox* v. *Breed,* 12 id. 60; *Lyons* v. *People,* 68 id. 275; *Day* v. *People,* 76 id. 380; *Tobin* v. *People,* 104 id. 565; *Andrews* v. *People,* 117 id. 201; *State* v. *Major,* 41 S. C. 85; *Slaughter* v. *State,* 24 Texas, 410; *Buster* v. *State,* 42 id. 315; *State* v. *Montague,* 2 McCord, 257; *Casey* v. *State,*

8 Crim. Law Mag. 597; *Commonwealth* v. *Haskins,* 128 Mass. 61; Wharton on Crim. Pl. and Prac. (8th ed.) 910; *Jenkins* v. *State,* 41 Miss. 583; *State* v. *McCauless,* 9 Ired. 375; *Hobart's case,* 28 Gratt. 925.

Mr. George Hunt, Attorney General, for the People:

A general verdict of guilty will be sustained if any one of the counts is good. *Murphy* v. *People,* 104 Ill. 528; *Mayes* v. *People,* 106 id. 306; *Duffin* v. *People,* 107 id. 113.

There being no bill of exceptions, it will be presumed that whatever evidence might be necessary to support the verdict was produced. *Dougherty* v. *People,* 124 Ill. 557; *Holmes* v. *People,* 5 Gilm. 478; *Gill* v. *People,* 42 Ill. 321; *Earll* v. *People,* 73 id. 329; *Thompson* v. *People,* 125 id. 256.

The several counts under which the prosecution was had are all consistent with each other, and it would be by no means impossible or inconsistent for the evidence to be such as to establish guilt under any and all of the counts of the indictment, and if, in order to sustain the general verdict of guilty, it would be necessary that the evidence should show that defendants were guilty of the offenses charged in each and every count of the indictment, then, in the absence of a bill of exceptions showing the evidence, the court will indulge that presumption. If, on the other hand, the general verdict of guilty could be supported only under one count of the indictment, then, in the absence of the bill of exceptions, it will be presumed that the evidence was such as to support that count.

It has been said by this court, the logical effect of the verdict is, that the defendants are guilty as charged in each count. *Curtis* v. *People,* Breese, 259; *Lyons* v. *People,* 68 Ill. 276.

Felonies and misdemeanors, forming part of the same transaction, may be joined. Wharton on Crim. Pl. and Pr. secs. 288, 289, 291; *Hutchinson* v. *Commonwealth,* 82 Pa. St. 472; *United States* v. *Peterson,* 1 W. & M. 305; *Regina* v. *Ferguson,* 6 Ex. C. C. 454; *Sterick* v. *Commonwealth,* 78 Pa. St. 460.

Where different counts relate to matters forming parts of one transaction, they may be joined, and the prosecution will not be required to elect upon which he will ask a conviction. *Andrews* v. *People,* 117 Ill. 195; Bishop on Crim. Proc. sec. 457.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Annie Herman, Charles Busse and William Siekman, plaintiffs in error, were indicted in the Criminal Court of Cook county, and, upon trial and conviction before the court and a jury, were sentenced to the penitentiary, Herman and Busse for five years each, and Siekman for four years.

The indictment contained eleven counts, but as, pending the trial, there was a *nolle prosequi* of the sixth, seventh, eighth, ninth and eleventh counts, and the case was submitted to the jury only upon the first, second, third, fourth, fifth and tenth counts, it will be necessary to refer only to these latter counts.

The first, second and third counts are based upon section 46 of the Criminal Code, as amended by the act approved June 16, 1887, and in force July 1, 1887. (Laws of 1887, p. 167.) The first count charges a conspiracy, by false pretenses, etc., to induce Catherine Sievers to have illicit criminal intercourse; the second charges a conspiracy to entice and take her away for the purpose of prostitution; and the third a conspiracy to entice and take her away for the purpose of concubinage. The punishment fixed by said amended section 46, for a violation of its provisions, is imprisonment in the penitentiary not exceeding five years, or a fine not exceeding $2000, or both. These three counts are for misdemeanors, for the rule in respect to offenses made punishable by our statute by imprisonment in the penitentiary, or fine, or both, is, that they are misdemeanors, and not felonies. (*Lamkin* v. *The People,* 94 Ill. 501; *Baits* v. *The People,* 123 id. 428.) The fourth and fifth counts are predicated upon section 1 of the Criminal

Code. The one charges an enticement and taking away for the purpose of prostitution, and the other an enticement and taking away for the purpose of concubinage. The punishment fixed for a violation of this section 1 is imprisonment in the penitentiary not less than one nor more than ten years. The tenth count is based upon section 2 of "An act to prevent the prostitution of females," approved June 17, 1887, and in force July 1, 1887. (Laws of 1887, p. 170.) Said tenth count charges that plaintiffs in error, by force, false pretenses and intimidation, detained and confined said Catherine Sievers in a room, against her will, for purposes of prostitution, etc. The punishment provided by the statute for a violation of this section 2 is imprisonment in the penitentiary for not less than one nor more than ten years. It will thus be seen that, under our statute, these fourth, fifth and tenth counts charge felonies.

The verdict returned by the jury at the trial was as follows : "We, the jury, find the said defendants guilty in manner and form as charged in the indictment, and fix the punishment of the defendants Annie Herman and Charles Busse at imprisonment in the penitentiary for the term of five years each, and fix the punishment of the defendant William Siekman at imprisonment in the penitentiary for the term of four years." Upon this verdict the plaintiffs in error were sentenced to the penitentiary for the terms allotted to them, respectively.

The evidence and the instructions of the court are not preserved by a bill of exceptions. Only two questions arise upon the record. One of these is, is there a misjoinder of counts; and the other, is the verdict sufficiently explicit to sustain the judgment of the court.

Plaintiffs in error contend, that as three of the counts are for felonies, and the other three for misdemeanors, they are improperly joined, and that their motions to quash the indictment and to compel the People to make an election, should have prevailed, and that it was error to deny such motions. It was a principle of the English law, and the rule has been

adopted in some of our States, that there can be no conviction for a misdemeanor upon an indictment for a felony, even where the allegations of the indictment include such misdemeanor. The reason for the rule was, that persons charged with misdemeanors had certain advantages at their trials which were not allowed to those arraigned for felony, and it was deemed unjust to suffer the too heavy allegation to take from them these privileges. But the practice of withholding any substantial privilege from a person indicted for felony which is allowed to one indicted for misdemeanor, does not obtain in this country, and therefore, in many of the States it is the practice to permit convictions for misdemeanor on indictments for felony, where the latter includes the former. 1 Bishop on Crim. Law, (5th ed.) secs. 804, 805. It is the established doctrine in this State, that where a defendant is put upon his trial for a crime which includes an offense of an inferior degree, he may be acquitted of the higher offense and convicted of the lesser. *Carpenter* v. *The People,* 4 Scam. 197 ; *Beckwith* v. *The People,* 26 Ill. 500 ; *Prindeville* v. *The People,* 42 id. 217 ; *Yoe* v. *The People,* 49 id. 410 ; *Earll* v. *The People,* 73 id. 329 ; *Reynolds* v. *The People,* 83 id. 479 ; *Ruth* v. *The People,* 99 id. 185 ; *Kennedy* v. *The People,* 122 id. 649.

In 1 Bishop on Criminal Procedure, (2d ed.) secs. 445 and 446, it is stated, in substance, that according to the English practice, and the practice prevailing in most of our States, there can not be a conviction for a misdemeanor, on an indictment for felony ; that if we examine the reasons upon which the rule rests, we shall see the result to be, that in States where it prevails, a count for a misdemeanor and a count for a felony can not be joined in the same indictment, but that in States where there can be a conviction for misdemeanor on an indictment for felony, counts for felony and misdemeanor may, under some circumstances, be properly joined, as, where both counts relate to the same transaction.

In Wharton on Criminal Pleading and Practice, (secs. 288 and 289,) it is said: "An indictment may also contain a count at common law and another under a statute; nor does it vary the case that one offense is a felony and the other a misdemeanor. * * * Indictments will be sustained which join larceny with conspiracy to defraud, both based on the same transaction; and a felony with a misdemeanor, forming distinct stages in the same offense."

In the late case of *State* v. *Stewart et al.* 59 Vt. 273, it is said: "Although authorities can be found that lay down the rule that felonies and misdemeanors, or different felonies, can not be joined in the same indictment, still the rule in this and most of the States is otherwise. It is always and everywhere permissible for the pleader to set forth the offense he seeks to prosecute, in all the various ways necessary to meet the possible phases of evidence that may appear at the trial. If the counts cover the same transaction, though involving offenses of different grades, the court has it in its power to preserve all rights of defense intact." See, also, *Sterick* v. *Commonwealth,* 78 Pa. St. 460; *Hunter* v. *Commonwealth,* 79 id. 503; *Hutchison* v. *Commonwealth,* 82 id. 472; *Hawker* v. *The People,* 75 N. Y. 487; *Crosby* v. *Commonwealth,* 11 Metc. 575; *State* v. *Hood,* 51 Me. 363; *Commonwealth* v. *McLaughlin,* 12 Cush. 612; *State* v. *Lincoln,* 49 N. H. 464.

In the case of *Thomas* v. *The People,* 113 Ill. 531, this court, while it held that all the counts there involved were for misdemeanors, explicitly refused to concede that a count for a misdemeanor can, under no circumstances, be joined with a count for felony. See, also, *Thompson* v. *The People,* 125 Ill. 256.

It is urged, however, that the court has, in *Lyons* v. *The People,* 68 Ill. 275, and *Beasley* v. *The People,* 89 id. 571, decided that counts for felony and for misdemeanor can not be joined. We do not so understand those cases. The question of joining counts for felony and for misdemeanor in the same

indictment did not arise in either case. In the *Lyons case,* one count was for burglary and the other was for petit larceny, and under the law of the State, as it then stood, petit larceny was a felony; and it was held, that as the two counts were based on a single transaction, they were properly joined. In the opinion, reference was made to certain text books, and it was stated that the rule laid down in them was, "that although it is not proper to include separate and distinct felonies in different counts of the same indictment, it is proper to state the same offense in different ways in as many different counts as the pleader may think necessary, even although the judgment on the several counts be different, provided all the counts are for felonies or all for misdemeanors." This language was evidently taken from the books as found therein, and because it was applicable to and decisive of the case then before the court; but that case did not call for a decision upon the proviso or last clause of the sentence quoted. In the *Beasley case,* also, all the counts were for felonies, and the question here under consideration was not at issue; and what was there said can not be regarded as a decision of such question. The reasons upon which was based the English rule against joining felonies and misdemeanors in the same indictment have ceased to exist, and that rule, if now enforced, would be purely technical and arbitrary, and would subserve no useful or beneficial purpose, and its tendency would be to embarrass, delay and prevent the administration of justice. *Cessante ratione legis, cessat ipsa lex.* Besides this, the rule is inconsistent with the practice which has long and uniformly prevailed in this State, of permitting, upon an indictment for felony, a conviction for a misdemeanor which is included in the greater offense charged. It would be unreasonable to hold that upon an indictment for a felony a defendant may be convicted of a misdemeanor, there being no count specifically charging such misdemeanor, and yet hold that if there is such specific count there can be no such conviction. We think the better rule to be, to permit

the joinder of counts, whether for felony or for misdemeanor, where one and the same criminal transaction is involved in the different counts, or the felonies and the misdemeanors charged form distinct stages in the same offense.

In the indictment before us, the several counts are merely statements, in various forms, of the proceedings in one and the same transaction, and are not inconsistent with each other, and may well have formed parts of the same offense. It is not impossible that plaintiffs in error should have formed a conspiracy to induce Catherine Sievers to have illicit criminal intercourse, and conspiracies to entice and take her away for the purposes both of prostitution and concubinage, that they should actually have enticed and taken her away for the purposes of prostitution and concubinage, and should have confined her in a house or room, against her will, for purposes of prostitution.

If two or more offenses form parts of one transaction, and are of such a nature that a defendant may be guilty of both or all, the prosecution will not, as a general rule, be put to an election. The right of demanding an election, and the limitation of the prosecution to one offense, is confined to charges which are actually distinct from each other, and do not form parts of one and the same transaction. *Goodhue* v. *The People*, 94 Ill. 37; *Andrews* v. *The People*, 117 id. 195.

In our opinion, there is no misjoinder of counts in this case, and it was not error to overrule the motions to quash the indictment and to compel the prosecution to make an election.

The other question is, whether the verdict is sufficient to sustain the judgment of the court. As has been already stated, the instructions of the court are not preserved in the record, and it must therefore be presumed the court instructed the jury to disregard the five counts that had been abandoned by the prosecution. The verdict found the defendants "guilty in manner and form as charged in the indictment." The logical conclusion from the verdict is, that the defendants were

found guilty, by the jury, upon each of the six remaining counts in the indictment. *Curtis* v. *The People,* Breese, 259; *Armstrong* v. *The People,* 37 Ill. 459; *Lyons* v. *The People,* 68 id. 271; *Tobin* v. *The People,* 104 id. 565.

In this case, as we have seen, the counts are not inconsistent with each other, and it is possible the evidence may have been such as to establish guilt under each and all the counts submitted to the jury, and, as the evidence is not contained in the record, it is to be presumed that such was the case. The punishments fixed by the verdict were five years of imprisonment in the penitentiary for two of the defendants, and four years' imprisonment in the penitentiary for the other defendant. These penalties were legally applicable to each and every count remaining in the indictment, and were no greater than was authorized for either of the offenses for which the defendants were tried. This not only tends further to show the defendants were found guilty upon all the remaining counts, but also indicates they were not damnified by the form of the verdict. Besides this, not one of the counts in the indictment charges an offense which, under the statutes of the State, is deemed infamous. We are unable to take any view of the case that renders it probable, or even possible, that the rights of plaintiffs in error might have been injuriously affected by the fact that the jury, in their verdict, did not specify any particular count or counts, but returned a general verdict of guilty upon all the counts submitted to them.

We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*