State vs. Edmunds.

No. 12,338.

STATE OF LOUISIANA VS. WILLIS EDMUNDS.

In charging an intent to murder, it is not required to set out the essential descriptions of the crime of murder. It is sufficient that the intent be charged as wilfully, feloniously and with malice aforethought. Where the weapon used is a club, in describing its use, it is not open to objection that the indictment charged an assault with it.

Section 780 R. S. described two offences.

The charging the same in separate counts in the indictment is not duplicity Where the second offence, the attempt to perpetrate, or in the perpetration of arson, rape, etc., and the intent to murder by stabbing, thrusting, etc., with a dangerous weapon, are sufficiently charged, there can be no reasonable objection to a description of the offence by lying in wait. The two offences can be committed at the same time by one act, and are so closely allied that it may be necessary to meet the evidence, to describe the latter offence as having been committed while "lying in wait."

When a statute forbids several acts enumerated disjunctively and punishes them alike, their commission may usually be charged in one count. State vs. Romus, 48 An. 581; State vs. Samuels, 38 An. 457.

APPEAL from the Eighteenth Judicial District Court for the Parish of Terrebonne. *Caillouet, J.*

*M. J. Cunningham*, Attorney General, *L. C. Moise*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*B. F. Winchester* and *H. M. Wallis, Jr.*, for Defendant, Appellant.

Submitted on briefs December 5, 1896.
Opinion handed down January 18, 1897.

The opinion of the court was delivered by

MCENERY, J. The defendant was indicted upon two counts. First, lying in wait to commit the crime of murder; second, lying in wait to commit the crime of murder in the perpetration, or attempt to perpetrate, the crime of rape. The jury returned a verdict of guilty. The prosecuting attorney entered a *nolle prosequi* as to the first count, and the defendant was sentenced to the death penalty under the second.

He filed a motion to quash the indictment, as follows:

(1) That the indictment does not charge him with having committed any offence known to the laws of this State; (2) that the indictment is fatally defective for duplicity; (3) that in the first count defendant is charged with an assault and battery with a dangerous weapon, which are alleged disjunctively with intent to commit murder, not alleging the constituent parts and requirements of murder exacted by the common law of this State; (4) that in the second count defendant is accused of an assault and battery with the intent to commit the crime of murder, without defining the crime of murder, and whilst in the perpetration, or attempt to perpetrate the crime of rape, which is unknown to the criminal statutes of the State of Louisiana; (5) that the indictment is vague and indefinite.

He also filed a motion for a new trial.

There are two counts in the indictment for offences denounced by the same statute, the penalty being the same for each offence. There was no duplicity in the indictment. State vs. Pierre, 38 An. 91; State vs. Cook, 30 An. 145.

The first count charges the assault and battery upon the prosecutrix, but this is implied in the offence charged, and the charging of it is descriptive of the offence, and was an ingredient of it. State vs. Taylor, 35 An. 835.

The intent to murder is the gist of the offence.

The intent is sufficiently and properly charged in the words, with the intent, wilfully and feloniously, and of malice aforethought, to commit the crime of murder in and upon the said Elira Pelligrin. State vs. Washington, 48 An.; State vs. Frances, 36 An. 336.

The second count is constructed like the first, with the exception of charging the perpetration and the attempt to perpetrate the crime of rape. The crime of rape is sufficiently described and set forth. To this there is no complaint. The intent to commit the crime of murder, while in the perpetration and attempt to perpetrate the crime of rape, is the offence denounced by the statute. The intent to commit murder is described as in the first count.

In the case of State vs. Frank Brown, 21 An. 347, the indictment charged: "That one Frank Brown, late of the parish of Orleans, on the twentieth day of June, in the year of our Lord one thousand eight hundred and sixty-eight, with force and arms, in the parish of Orleans aforesaid, and within the jurisdiction of the First District Court for the parish of Orleans, did, with a dangerous weapon, to-wit, a knife, and with the intent to commit the crime of murder,

and while in the perpetration of the crime of robbery, stab and thrust one Ellen Elliott, contrary to the form of the statute," etc. In this case it was held that the crime of stabbing with a dangerous weapon and with intent to murder was sufficiently described. State vs. Philbin, 38 An. 964; State vs. Williams, 38 An. 371.

The statute contains the designation of several offences, disjunctively recited. The offences may be charged in the same count in the indictment, as they are cumulative offences denounced by the same statute. Hence the lying in wait charged in the second count is not objectionable. State vs. Markham, 15 An. 498.

The charge constituted only one offence. 31 Cal. 416; 18 Fed. Rep. 901; 9 L. R. A. note, p. 182; Herman vs. People, 131 Ill. 594.

There is nothing in the record that could justify us in disturbing the ruling of the trial judge on the application for a change of *venue.* There is no evidence brought to our notice by a bill of exception. State vs. Daniel, 31 An. 91.

Objection is made in the motion for a new trial that the defendant was forced to trial immediately after counsel had been assigned him. There was no bill of exception taken to the ruling of the trial judge. He says, in overruling the motion for a new trial, that " on the day fixed for trial the accused went to trial without objection, being urged then and there, and without suggesting to the court that he had no time to summon his witnesses in the case; nor was any request made for further time to prepare a defence, nor a continuance asked for any cause."

The other matters in the motion for a new trial are unaccompanied by evidence, and we can take no notice of them.

Judgment affirmed.