(No. 13787.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS FITZGERALD *et al.* Plaintiffs in Error.

*Opinion filed April 21, 1921.*

1. CRIMINAL LAW—*both burglary and larceny may be charged in one indictment or in one count.* Where the single offense with which defendants are charged may amount to either burglary or larceny, they may be charged with both burglary and larceny in the same indictment or even in the same count.

2. SAME—*effect of general verdict where counts for burglary and larceny are joined.* Where a count for larceny is joined in the same indictment with a count for burglary based on one transaction and a general verdict is returned, the effect of the verdict is that the defendants are guilty as charged in each count, and where the punishment imposed is authorized to be inflicted for the offense charged in any one or more counts the verdict must be sustained.

3. SAME—*effect of separate verdicts for burglary and larceny.* Where counts for burglary and larceny are joined in one indictment based upon a single transaction, the effect of two separate verdicts, one for burglary and one for larceny, is that the defendants are guilty as charged in some one or more counts charging each offense, the same as if there was a single general verdict, and the punishment under both verdicts will run concurrently.

4. SAME—*what is sufficient proof of corporate existence of railroad company.* In a prosecution for the burglary of a freight car, the corporate existence of the railroad company is sufficiently shown, under section 486 of the Criminal Code, by uncontradicted proof that the company was operating a railroad with freight cars, right of way and tracks and was doing the ordinary business of a common carrier.

5. SAME—*proof of possession of railroad company is sufficient proof of ownership to establish larceny.* Proof of special ownership or interest in or possession of property is sufficient as against a party charged with the larceny of the property, and in a prosecution for the theft of goods from a freight car, proof by the bill of lading that the goods were in the possession of the railroad company for the purpose of transportation is sufficient proof of ownership.

6. SAME—*an objection that record does not show jury were in charge of sworn officer comes too late in Supreme Court.* An ob-

jection that the record does not show that the jury, upon their re-
tirement to consider their verdict, were in charge of a sworn offi-
cer, as required by law, cannot be considered in the Supreme Court
where the point was not raised in the trial court.

7. SAME—*when time of commission of the crime sufficiently ap-
pears from evidence—Statute of Limitations.* The contention that
the evidence fails to show that the crime was committed within
the period of the Statute of Limitations because no date is given
in the testimony as the day upon which the crime was committed
cannot be sustained, where it appears from the questions and an-
swers in the record that the crime was committed "the twenty-
second day of last July," the trial being in October.

8. SAME—*when instruction as to credibility of defendant's tes-
timony is not in proper form.* The interests of a defendant differ
from those of other witnesses and it is proper to point out this dif-
ference to the jury, but instructions should not put the defendant
in a class wholly different from that of other witnesses or dispar-
age or discredit his testimony or refer to it as having "only such
weight" as the jury believe it is entitled to.

WRIT OF ERROR to the Circuit Court of DuPage county;
the Hon. MAZZINI SLUSSER, Judge, presiding.

JAMES F. FARDY, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, C. W. REED,
State's Attorney, ALBERT D. RODENBERG, and WILLIAM
E. TRAUTMAN, (CHARLES W. HADLEY, of counsel,) for
the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error, Thomas Fitzgerald and Ray Mealy,
were indicted at the October term, 1920, of the circuit court
of DuPage county on the charges of burglary and larceny.
The indictment consisted of eight counts, some of which
charged the plaintiffs in error with burglarizing a certain
freight railroad car of the Chicago and Northwestern Rail-
way Company, a corporation, with intent to steal the prop-
erty of the railway company. Other counts charged the

burglary of said car with intent to steal the property of the Firestone Tire and Rubber Company, a corporation. Two counts charged plaintiffs in error with the larceny of the property of the railway company, and one count charged the larceny of the property of the Firestone Tire and Rubber Company. The last or eighth count of the indictment charged the burglary of the freight car of the railway company with intent to steal the property of divers persons unknown. Upon the trial of the case the jury returned two verdicts, one finding the plaintiffs in error guilty of burglary in manner and form as charged in the indictment, finding the age of Fitzgerald to be twenty-two years and the age of Mealy to be thirty-three years; the other a verdict finding the plaintiffs in error guilty of larceny in manner and form as charged in the indictment, finding the value of the property to be $18 and the ages of the plaintiffs in error to be as found by the other verdict. The court sentenced Mealy to the penitentiary at Joliet, as provided by the Indeterminate Sentence law, and sentenced Fitzgerald to the State reformatory at Pontiac, under the discretion given to trial courts in case of defendants of the age of Fitzgerald.

Plaintiffs in error contend that there could not be two separate verdicts rendered against plaintiffs in error for separate offenses, and they object that no judgment could be given upon these two verdicts because one verdict found the plaintiffs in error guilty of burglary and the other of larceny, which are offenses punishable in a different manner, and that these two verdicts cannot be merged into one judgment. If the crimes of burglary and larceny were separate and distinct felonies committed in separate transactions it would unquestionably be true that they could not be joined in the same indictment, but if the plaintiffs in error here were guilty they were guilty of the commission of but a single transaction, and the fact that that transaction may have been both burglary and larceny does not

preclude their being charged with both in the same indictment or even in the same count. (*Lyons* v. *People,* 68 Ill. 271; *Herman* v. *People,* 131 id. 594; *Love* v. *People,* 160 id. 501.) It has long been the rule that where a count for larceny is joined in the same indictment with a count for burglary and a general verdict is returned, the logical effect of the verdict is that the defendants are guilty as charged in each count; (*Townsend* v. *People,* 3 Scam. 326; *Holliday* v. *People,* 4 Gilm. 111; *Curtis* v. *People,* Breese, 256; *Lyons* v. *People, supra;*) and in a case where the indictment charges in one count the breaking and entering and in another count the stealing at the same time and place, and the defendant is found guilty generally and the punishment imposed is one which is authorized to be inflicted for the offense charged in any one or more counts, the verdict must be sustained. This appears to be the general rule in this country. Wharton's American Law, (1st ed.) sec. 415; *Lyons* v. *People, supra,* and cases there cited.

Under the rule as established by *Curtis* v. *People, supra,* that the effect of a general verdict is that the defendants are found guilty of each offense committed in the same transaction, clearly the effect of these two verdicts is a finding, as in the case of a general verdict, that the defendants are guilty as charged in some one or more counts charging burglary and some one or more counts charging larceny. They have nevertheless been found guilty of but one transaction. Whether this verdict is one general verdict or two separate verdicts is of no consequence in a case such as this. Having been found guilty of burglary their commitment under the Indeterminate Sentence act is for a period of from one to twenty years, and their commitment for larceny, which is for from one to ten years, necessarily runs concurrently, as both offenses are but one transaction. While there appears to have been no reason why the jury should not have returned a general verdict finding the defendants guilty of burglary and larceny as

charged in the indictment, there is likewise no good rea-
son for saying that it was error to return separate ver-
dicts. There is no more reason for holding that the State's
attorney should *nolle pros.* as to one charge when two sep-.
arate verdicts are returned, than there would be for holding
that such should be done where one general verdict is re-
turned finding the defendant guilty of both charges.

Plaintiffs in error also contend that there was no proof
that the Chicago and Northwestern Railway Company is
a corporation, as alleged in the indictment. Section 486 of
the Criminal Code makes proof of user *prima facie* proof
of corporate existence. Examination here shows that the
Chicago and Northwestern Railway Company was conduct-
ing a railroad, had freight cars, right of way, main line,
side-tracks, etc., and was doing the business of a common
carrier,—that is, it was operating a railroad. By the first
and second sections of chapter 114, relating to railroads, it
is provided that those persons who desire to operate a rail-
road shall organize a railroad corporation, and it was held
in *Goddard* v. *Chicago and Northwestern Railway Co.* 202
Ill. 362, that no private person can establish a railroad or
enjoy the franchise connected therewith without authority
from the legislature. It was held in *Graff* v. *People,* 208
Ill. 312, that proof of the actual exercise and enjoyment
of the corporate powers and functions of a corporation,
where there is no countervailing proof, is proof of user
which is sufficient to support an allegation concerning cor-
porate character. We are of the opinion that the record
is not open to this objection.

It is also contended that the evidence failed to show
who owned the goods, and that if it showed ownership
in anyone it was in the Lehigh Valley Railroad Company,
which was a fatal variance between the proof and the al-
legations of the indictment. While the evidence shows the
car in question was labeled as a Lehigh Valley car, it also
shows that it was on the right of way and in possession of

the Chicago and Northwestern Railway Company. The bill of lading also showed the goods to be in the possession of the Chicago and Northwestern Railway Company for transportation. Special ownership or interest in or possession of property is sufficient to prove ownership as against a party charged with the larceny of such property. *People* v. *Picard,* 284 Ill. 588; *Aldrich* v. *People,* 224 id. 622; *Flanagan* v. *People,* 214 id. 170; *Smith* v. *People,* 115 id. 17.

It is also contended that the record does not show that the jury, upon their retirement to consider their verdict, were in charge of a sworn officer, as required by law. This point appears not to have been raised in the trial court and cannot be raised here for the first time.

Plaintiffs in error also contend that the evidence fails to show that the crime was committed within the period of the Statute of Limitations, it being their contention that there was no date given in the testimony as the day upon which the crime was committed. While this appears to be true so far as the actual statement of time is concerned, yet the expression "the twenty-second day of last July" appears in the questions and answers in the record, and as the trial took place at the October term, 1920, it is evident that the "last July" referred to was the July immediately preceding the trial of the cause, or July, 1920. The date of the commission of the crime sufficiently appears from the evidence; also that the trial was within the period of the Statute of Limitations.

It is also contended that the verdict is not supported by the evidence. The evidence on the part of the People tends to show that the plaintiffs in error, together with two young women, drove in an automobile to West Chicago; that upon their return from West Chicago along a public highway parallel to the right of way of the Chicago and Northwestern railway they stopped at a string of freight cars standing on the side-track; that they broke open the

door of the car referred to in the indictment and took therefrom a box which the evidence shows contained certain automobile tire-shoes and patches, which they carried over to the automobile standing in the highway. Witness McFarland, for the State, testified that he took the number of the automobile. It appears that the following day this box was found in the home of Fitzgerald; that Fitzgerald, when questioned about the automobile, which bore the number 44,728, said it belonged to him; that when asked about the box taken from the car he at first said he knew nothing about it, but upon being told by the officers that he had been seen to take it he stated that he had picked up the box at the side of the road and told the officers who were with him. The box and its contents were found in his bed-room. The officers later arrested Mealy, who declared that he knew nothing about the property taken from the freight car. He was taken to the police station and locked up, and the next morning stated that he and Fitzgerald had picked up the box on the Chicago and Northwestern Railway Company's right of way, Fitzgerald having told the officers that they picked up the box at the side of the road. The defendants testified that they had found the box on their return from a visit to West Chicago, and in this they were corroborated by one of the young women who were in the automobile with them. The evidence discloses that a consignment of goods of the same character, in the same kind of cartons, was shipped by the Firestone Tire and Rubber Company of Akron, Ohio, to itself at Portland, Oregon. A check which was made on this car showed one carton short. McFarland testified that the box found in the possession of Fitzgerald resembled the box which he saw taken from the car. The car bore evidence of having been broken open and nailed up again.

Plaintiffs in error object to the 20th and 21st instructions given on behalf of the People. Those instructions are as follows:

20. "The court instructs the jury that although the law makes the defendant in this case a competent witness, still, the jury are the sole judges of the weight which ought to be attached to his testimony; and in considering what weight should be given it, the jury should take into consideration all the facts and circumstances surrounding the case, as disclosed by the evidence, and give the defendant's testimony only such weight as they believe it entitled to, in view of all the facts and circumstances proved on the trial.

21. "That, although the defendant has a right to be sworn, and to give testimony in his own behalf, still, his credibility and the weight to be attached to such testimony, are matters exclusively for the jury; and his interest in the result of the trial is a proper matter to be taken into consideration by the jury in determining what weight ought to be given to his testimony."

These instructions should not have been given in that form. While it is true that the interests of a defendant differ from those of other witnesses and this difference is proper to be pointed out to the jury, yet instructions of the court should not put him in a class wholly different from that of other witnesses or disparage or discredit his testimony. The expression "only such weight," in instruction 20, should not have been included therein. While these instructions are inaccurate in the form in which they are presented, we are of the opinion that the error in giving them in that form is not sufficient to reverse the judgment herein.

From an examination of all the evidence in the record we are of the opinion that the jury were fully justified in their verdict. The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*