(No. 28690.—

The People of the State of Illinois, Defendant in Error, *vs.* George Ross, Plaintiff in Error.

*Opinion filed September 19, 1945.*

George Ross, *pro se.*

George F. Barrett, Attorney General, and Emerson M. Williams, State's Attorney, of Clinton, for the People.

Mr. Justice Smith delivered the opinion of the court:

This case is here on a writ of error to the circuit court of De Witt county. Plaintiff in error was indicted by the grand jury of De Witt county on January 18, 1932. The indictment contained four counts. Each count charged the defendant with burglary and larceny. He entered a plea of guilty "in manner and form as charged in the fourth count of the indictment." A nolle was entered by the State's Attorney as to the other counts. The court found the value of the property stolen to be $25. The defendant was sentenced to the penitentiary on his plea of guilty to the fourth count of the indictment, "until discharged by the Board of Pardons or by due process of law, provided such term of imprisonment shall not be more than the maximum term nor less than the minimum term provided by law for the crime for which said defendant plead guilty and was sentenced."

To reverse the judgment of the trial court, the defendant makes three contentions, namely: (1) That the record does not show that the indictment was returned into open court by the grand jury; (2) that the finding of the court upon defendant's plea that he was guilty of the crime charged in the fourth count of the indictment "was a finding only as to the grand larceny portion of said count;" and (3) that the defendant, subsequent to his incarceration in the penitentiary, was unlawfully transferred from the Southern Illinois Penitentiary at Menard to the Illinois State Penitentiary at Joliet.

Directing our attention to the first contention of plaintiff in error that the record does not show that the indictment was returned into open court by the grand jury, this contention cannot be sustained. The record shows that the court met pursuant to adjournment at 10:00 A.M. on January 18, 1932. Immediately following the convening order the record recites, "Now come the Grand Jury heretofore impaneled herein to the bar of this court in charge of án officer duly sworn for that purpose and present to the Court the following indictments, to-wit." Following this recital the record shows the indictment against plaintiff in error, No. 1056. This is followed by an order fixing bail. Following the order fixing bail, the record shows that on the same day plaintiff in error appeared and was furnished a copy of the indictment and a list of jurors and witnesses; that he entered his plea of guilty to the fourth count of the indictment; the finding of guilt by the court on the plea of the defendant and findings of the value of the property stolen and the age of the defendant.

The record shows the convening of the court on said day; that the court was open for the transaction of business; that as a part of the proceedings of that day the grand jury came to the bar of the court in charge of a sworn officer and presented to the court the indictment against plaintiff in error. The record, as above indicated, clearly shows that the grand jury presented the indictment at the bar of the court while the court was in session and open for the transaction of business. A similar record, made by the same court, was sustained, against a like attack, in *Kelley* v. *People*, 132 Ill. 363.

The second contention made by plaintiff in error is equally unfounded. He pleaded guilty to the fourth count of the indictment. By that count he was aptly charged with having broken and entered a certain building and with having stolen from said building certain described property of the value of $25. The fourth count of the indict-

ment charged two separate offenses, based on the same transaction, namely: burglary and larceny.

In *People* v. *Fitzgerald*, 297 Ill. 264, the defendant was charged, in the same indictment, with both burglary and larceny. Separate verdicts were returned by the jury finding him guilty of both offenses. It was there said that both offenses grew out of the same transaction, amounting to both burglary and larceny, and that those separate offenses could be charged in the same indictment or even in the same count. It was further observed in that case that it was a matter of no consequence whether the verdict was one general verdict or two separate verdicts; that the defendant having been found guilty of burglary, his commitment under the indeterminate sentence act, for that crime, for a period of from one to twenty years, and the commitment for larceny, which was from one to ten years, necessarily run concurrently, as both offenses constituted but one transaction.

Under the rule announced in that case, the defendant here having entered a plea of guilty to the fourth count of the indictment wherein he was charged with both burglary and larceny, the effect was that he pleaded guilty to both charges. He was sentenced under the Indeterminate Sentence Act. His sentence for burglary was, under the statute, for a period of from one to twenty years, while the sentence for larceny was from one to ten years. The latter sentence would necessarily run concurrently with the sentence for burglary, as both offenses constituted but one transaction.

It is pointed out that in *Love* v. *People*, 160 Ill. 501, where the indictment charged both burglary and larceny and there was a general verdict of guilty which did not fix the value of the property stolen, it was held that the verdict amounted to a finding that the defendant was guilty as to the offense of burglary, only. From this it is argued that the converse of the rule is also true, and that where

the charge is both burglary and larceny and there is a finding of the value of the property stolen, the finding is that the defendant is guilty of larceny, only. In the cited case the verdict was sufficient as to the charge of burglary. It was insufficient as to the charge of larceny. It was, therefore, properly held that there was no finding of guilty of the crime of larceny. But here, as in *People* v. *Fitzgerald,* 297 Ill. 264, the finding was sufficient as to both charges contained in the indictment. To say that in entering his plea of guilty to the fourth count of the indictment, plaintiff in error pleaded guilty only to that portion of the count charging larceny, and not to the offense of burglary charged in that count, is simply a gratuitous statement, contrary to the facts shown by the record.

The final contention of plaintiff in error is that since he was committed to the Southern Illinois Penitentiary at Menard, he was unlawfully transferred to the penitentiary at Joliet, without notice and a hearing as provided in section 12 of the Parole Act of 1917. (Laws of 1917, p. 360.) This is a matter which does not, and cannot, arise on the record before the court in this case. The court has no jurisdiction, on this writ of error, to consider any questions concerning the legality of his imprisonment arising subsequent to the entry of the judgment. The writ of error to review the record of the trial court does not reach questions arising subsequent to the making of that record. Moreover, the record in this case does not show that any such transfer was made or any proceedings in connection therewith. The contentions of plaintiff in error on this question are based only on his unsupported statements in his brief. The question urged is, therefore, not before this court on the record before us and cannot be considered.

The judgment of the circuit court of De Witt county is affirmed.

*Judgment affirmed.*