(No. 30470.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PHILLIP McMULLEN, Plaintiff in Error.

*Opinion filed May 20, 1948.*

PHILLIP McMULLEN, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (JOHN T. REARDON, State's Attorney, of Quincy, of counsel,) for the People.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

Plaintiff in error and two others were jointly indicted in the circuit court of Adams County in 1932 for the crimes of burglary and larceny. On a trial by jury two verdicts were returned, one finding all defendants guilty of burglary, the other of having stolen personal property of the value of $40. Two judgments were entered against plaintiff in error, one sentencing him to the penitentiary for burglary, the other for grand larceny. The terms of imprisonment were to run concurrently. Appearing *pro se,* plaintiff in error has sued a writ of error out of this court and has limited the review to matters appearing in the common-law record.

Each of the six counts in the indictment, in varying language, charged that the defendants therein named had burglariously broken and entered a building of the North Side Boat Club, a corporation, with intent to steal, take and carry away the personal property of the Boat Club then in said building. In addition to the charge of burglary,

the first two counts charged that the defendants while in the building had stolen two guns, one the property of Thomas McAfee, the other the property of Louis Grimm. The third and fourth counts charged the theft of the McAfee gun, and the fifth and sixth the theft of the Grimm gun. It was alleged that each of the guns was of the value of $20.

Plaintiff in error contends the indictment charged three separate and distinct offenses, namely; the burglarizing of the building, the larceny of the property of McAfee, and the theft of Grimm's property. It is argued that the motion to quash should have been sustained. As a matter of pleading, the indictment was sufficient. The allegations of the several counts were that the defendants burglariously broke and entered the building of the Boat Club with intent to steal the Boat Club's property situated therein, and that while in the building they stole and carried away the personal property of McAfee and Grimm. The allegations of the various counts make it clear that the several offenses refer to the same transaction, and that the defendants, while engaged in the commission of the crime of burglary, committed the larceny offenses.

It is not proper to include separate and distinct felonies in the same count or different counts of the same indictment, but in pleading the facts of a single transaction it is permissible to state the offense in different ways in as many different counts as the pleader may think necessary. In application of this principle, a count for larceny may be joined in the same indictment with a count for burglary and such offenses may be joined in the same count. (*People* v. *Fitzgerald,* 297 Ill. 264; *Love* v. *People,* 160 Ill. 501; *Herman* v. *People,* 131 Ill. 594.) Evidence that a larceny was actually committed is evidence that the breaking and entering was accomplished with an intent to commit that offense. *Lyons* v. *People,* 68 Ill. 271.

In the *Fitzgerald case,* the indictment consisted of

eight counts, some of which charged the burglarizing of a freight car, the property of the Chicago & Northwestern Railway Company, with intent to steal property of the railway company therein. Certain counts charged the burglary of the car with the intent to steal the property of the Firestone Tire and Rubber Company. Other counts charged larceny only. Two verdicts were returned, one finding defendant guilty of burglary, the other guilty of larceny of property of the value of $18. It was contended that there could not be two separate verdicts for separate offenses; that there could not be two judgments, one for burglary, the other for larceny, since each offense was punishable in a different manner and under different statutes and could not be merged. It was held that whether the verdict was one general verdict or two separate verdicts was of no consequence to the defendant since the sentences imposed on the two verdicts would necessarily run concurrently.

The meaning and effect of the two verdicts, when considered in the light of the allegations of the indictment, is that the jury found plaintiff in error had, in one transaction, committed the crime of burglary and the crime of larceny. To prove burglary in conformity with the allegations of the several counts it was necessary to show that plaintiff in error broke and entered the building with an intent to commit larceny, and as was said in *Lyons* v. *People,* 68 Ill. 271, proof that a larceny was actually committed was evidence that the breaking and entering was with the intent to commit that offense. To show the purpose for which the breaking and entering was accomplished, it was competent to prove the taking of the property of the Boat Club or the property of McAfee, or the property of Grimm or any two or all of them. A conviction of the offense pleaded in the indictment did not permit the imposition of penalties as for separate and distinct offenses, but it does not appear that plaintiff in error's rights are prejudiced.

He was sentenced for burglary to one year to life, and for larceny one to ten years, both of which were to run concurrently. Such is the holding in *People* v. *Fitzgerald,* 297 Ill. 264. Also, see *People* v. *Arnold,* 396 Ill. 440; *People* v. *Ross,* 391 Ill. 164.

Error is assigned on the overruling of plaintiff in error's motion for a new trial but the points urged do not appear on the common-law record.

The judgments were correct and are affirmed.

*Judgments affirmed.*