**UNITED STATES of America,**
**Appellant,**

v.

**MARYLAND STATE LICENSED BEV-**
**ERAGE ASSOCIATION, Inc., et al.,**
**Appellees.**

**No. 7189.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 16, 1956.

Decided Jan. 3, 1957.

Gordon B. Spivack, Atty., Dept. of Justice, Washington, D. C. (Victor R. Hansen, Asst. Atty. Gen., and Horace L. Flurry, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

John Henry Lewin, Baltimore, Md. (David C. Green, G. C. A. Anderson, Everett L. Buckmaster, Charles Mindel, Robert E. Coughlan, Jr., Eugene M. Feinblatt, Baltimore, Md., John R. Fitzpatrick, F. Joseph Donohue, Washington, D. C., Hilary W. Gans, Edwin Harlan, Isaac Hecht, Louis Hoffman, Ellis Levin, Zanvyl Krieger, Baltimore, Md., William D. Macmillan, Pasadena, Md., David R. Owen, George D. Hubbard, William L. Marbury, John W. Hardwicke, Read A. McCaffrey, C. Gordon Haines, Morris Rosenberg, Baltimore, Md., Hugh B. Cox, James C. McKay, Washington, D. C., and Stanley H. Wilen, Baltimore, Md., on the brief), for appellees.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and HOFFMAN, District Judge.

PARKER, Chief Judge.

This is an appeal by the United States in a prosecution under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, from an order requiring the government to elect whether it would proceed under the first or second count of the indictment, and when it elected to proceed under the first, dismissing the second count. Appellees have moved to dismiss the appeal or transfer it for hearing to the Supreme Court. We think that the motion should be denied and that the order requiring the election and dismissing the second count of the indictment should be reversed.

Count one of the indictment charged conspiracy in violation of section 1 of the Sherman Act to restrain interstate commerce by establishing "fair trade" prices for alcoholic beverages in the State of Maryland and taking steps to have them observed. Count two charged conspiracy to monopolize in violation of section 2 of that act. In answers to interrogatories and at the bar of the court counsel for the government stated that "the proof under count one will be relied upon as proof of the other counts" that there will be "no variation as far as proof is concerned" and that the government's evidence as to each count will be "the same evidence of that course of conduct". The trial judge recognized that different offenses were created by sections 1 and 2 of the Sherman Act as held in American Tobacco Co. v. United States, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575; but, because of the foregoing admissions by government counsel, thought that only one conspiracy was involved and that, because of the holding in Braverman v. United States 317 U.S. 49, 53, 63 S.Ct. 99, 87 L.Ed. 23, he should require one of the counts to be dismissed. In this we think he was in error.

The fact that the same evidence was relied upon to establish the conspiracies charged in both counts of the indictment does not mean necessarily that there was only one conspiracy. It might very well establish separate conspiracies to fix prices and to monopolize,

with the direct evidence as to each having probative value with respect to the other. Even if only one conspiracy was involved, however, this would not support the action taken by the District Judge. Braverman's case holds merely that there may not be more than one punishment for a single conspiracy, not that a single conspiracy may not be charged as a crime in several counts to meet different interpretations that might be placed upon the evidence by the jury. Upon the government's evidence, which has not yet been produced, the jury might conceivably conclude that the accused were guilty of conspiracy to restrain trade by fixing prices but not of conspiracy to monopolize, or they might conclude that they were guilty of conspiracy to monopolize but not to fix prices or they might conclude that they were guilty of conspiracy to do both. If the evidence showed that there was only one conspiracy, the judge would impose only one punishment; but this is no reason for requiring dismissal of one of the counts in the early stages of the case; and parties should not be allowed thus to try their case in advance and by piecemeal. "It has long been the approved practice to charge, by several counts, the same offense as committed in different ways or by different means, to such extent as will be necessary to provide for every possible contingency in the evidence". 27 Am.Jur. p. 688.

In the case of United States v. Anderson, 7 Cir., 101 F.2d 325, 333, one of the cases upon which defendants place their chief reliance for the proposition that only one punishment can be imposed for a single conspiracy, it was expressly held that the government was properly allowed to go to trial upon two indictments with a number of counts relating to the single conspiracy, although all were based upon precisely the same facts. The court said:

"Each of the indictments, and each of the two counts of the anti-trust indictment was based upon precisely the same facts, *and we perceive no just reason why both indictments and all the defendants should*

*not be tried at the same time and by the same jury.*

"It is also contended by appellants that the court erred in the imposition of cumulative sentences, and we think this contention must prevail. There was but one conspiracy and its primary object was to stop the transportation of coal. * * * *This does not mean that both indictments were not properly pleaded, as a precautionary matter,* but we can not believe that Congress intended to permit the accumulation of sentences upon diverse objects of a conspiracy where there was but one conspiracy and the evidence supporting each was precisely the same. * * *

"The judgment is affirmed as to all matters except as to the sentence of imprisonment and fines." (Italics supplied.)

In the old and celebrated case of Commonwealth. v. Webster, 5 Cush., Mass., 295, 52 Am.Dec. 711, 731–732, Chief Justice Shaw pointed out the reason for permitting a number of counts charging a single crime, in that case homicide. He said:

"The indictment is but the charge or accusation made by the grand jury, with as much certainty and precision as the evidence before them will warrant. They may be well satisfied that the homicide was committed, and yet the evidence before them may leave it somewhat doubtful as to the mode of death; but in order to meet the evidence as it may finally appear, they are very properly allowed to set out the mode in different counts; and then if any one of them is proved, supposing it to be also legally formal, it is sufficient to support the indictment."

The purpose underlying the practice of requiring in proper cases that the prosecution elect between offenses or counts is to prevent prejudice to the accused which might result from being required to meet a multiplicity of charges in one trial. It has no application to a case where the different counts are merely variations or modifications of the same charge. 27 Am.Jur. pp. 690–691. Here there could be no possible prejudice to the accused in going to trial under an indictment charging in separate counts that conduct complained of constituted violations of separate sections of the Sherman Act; and to require such an election was to prejudice the prosecution in the presentation of its case and cannot be upheld as a sound exercise of discretion. In State v. Schaeffer, 96 Ohio St. 215, 117 N.E. 220, L.R.A.1918B, 945, Ann.Cas. 1918E 1137, 1138–1139, it was held to be error as matter of law to require an election between counts where they related to the same transaction. And in Herman v. People, 131 Ill. 594, 22 N.E. 471, 473, 9 L.R.A. 182, it was said, "The right of demanding an election, and the limitation of the prosecution to one offense, is confined to charges which are actually distinct from each other, and do not form parts of one and the same transaction". And see note 9 L.R.A. 182 et seq.

■ There is no merit in the motion to dismiss the appeal or transfer it to the Supreme Court. It is argued in support thereof that the dismissal of the second count of the indictment was based upon a construction of the statute upon which it was founded and that appeal under 18 U.S.C. § 3731 lay direct to the Supreme Court of the United States and not to the Court of Appeals. The dismissal of that count, however, was not based upon a construction of the statute but upon an erroneous view of the proper practice to be followed when two counts of a conspiracy indictment were admittedly based upon the same evidence and the same course of conduct of the persons charged.

The order appealed from will accordingly be reversed and the case will be remanded to be tried on all counts of the indictment.

Reversed.