**People of the State of Illinois, Plaintiff-Appellee, v. Barry N. Johnson, Defendant-Appellant.**

Gen. No. 66–51.

Second District.

February 7, 1967.

Rehearing denied March 13, 1967.

John O. Vogel, of Glen Ellyn, and Edwin L. Douglas, of Warrenville, for appellant.

William V. Hopf, State's Attorney of DuPage County, and Kevin P. Connelly, Assistant State's Attorney of Wheaton, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

■■■■■■■■

The defendant, Barry N. Johnson, was tried without a jury by the Circuit Court of DuPage County, 18th Judicial Circuit; found guilty as charged in a two count indictment; and sentenced to the Illinois State Penitentiary for a term of not less than one, nor more than two, years. This appeal followed.

Count I of the indictment was captioned "Leaving The Scene of An Accident" and charged that Johnson, on the 5th day of September, 1965,

". . . while operating a motor vehicle on a certain public highway known as Ogden Avenue situated in the Village of Downers Grove, County of Du Page and State of Illinois, did operate said motor vehicle in such a manner as to strike ALFRED B. STOCKMAN and cause the said ALFRED B. STOCKMAN to sustain numerous and varied personal injuries and the said BARRY N. JOHNSON knowing that said injuries had been caused did leave the place of the accident without stopping, giving his name, address and the registration number of the vehicle he was then and there driving, and did wilfully fail to report said accident within forty-eight (48) hours after said accident occurred at a police station or sheriff's office near the place where said accident occurred,"

contrary to section 133(b) of chapter 95½ of the Illinois Revised Statutes.

Count II of the indictment also charged Johnson with "the offense of leaving the scene of an accident" and is worded in the same manner as Count I except that it does not mention his failure to report within 48 hours and states that his actions were contrary to section 133 of chapter 95½ without a designation of a subparagraph.

The defendant contends that the indictment, as captioned, charged him only with the commission of an offense contrary to section 133, subparagraph (a), which

is a misdemeanor, and that therefore the sentence imposed by the trial court was improper. He urges that it was necessary that the indictment be captioned "Failure to Report After Leaving the Scene of an Accident Involving Death or Personal Injuries," or some similar wording, for it to be a proper charge of a violation of section 133, subparagraph (b), the felony for which he was convicted.

Section 133 is itself captioned "Accidents involving death or personal injuries." The subparagraphs are not captioned. Subparagraph (b) provides that a person who fails to stop after an accident as required in subparagraph (a)

"... shall, within 48 hours after such accident ... report the place of accident, the date, the approximate time, his name, address, the registration number of the vehicle driven, and the names of the occupants, if any, of such vehicle, at a police station or sheriff's office near the place where such accident occurred."

Although the defendant contends that the indictment does not conform with the requirements of section 111–3(a)(1) of the Criminal Code (c 38, Ill Rev Stats, 1965), it does contain all of the essential elements enumerated in that section. It cites the statutory provision alleged to have been violated; it sets forth the nature and elements of the charge; it states the date and county of the offense; it names the accused precisely. To quibble that it is improperly captioned borders on the facetious. The subparagraph itself has no caption and to require the State to draft captions to meet the particular technical or literary tastes of the defense is wholly unreasonable. The purpose of an indictment, or any formal charge, is to accurately and correctly notify the accused of the exact charge against him so that he can prepare his defense accordingly. Toward

229

that end, it is the body of the indictment, rather than the caption, that should include the essential elements of the charge. The People v. Sellers, 30 Ill2d 221, 223, 196 NE2d 481; The People v. Duden, 3 Ill2d 16, 19, 119 NE2d 742.

There is no room for the question that the defendant, when presented with a copy of the indictment in this case, was completely and accurately informed as to the charge against him in Count I—a violation of section 133, subparagraph (b), a felony. Under the circumstances, the sentence of the court was not improper for that reason.

The defendant next argues that the conviction for failure to report was not supported by the evidence. As we have seen, subparagraph (b) requires that a report be made "at a police station or sheriff's office near the place where such accident occurred." The only law enforcement officials to testify at the trial were police officers of the Village of Downers Grove. Since the accident occurred near the Village limits, it would, so the defendant argues, have been possible for him to make the necessary report of the accident at the police station of the next closest municipality, the Village of Westmont, or at the Sheriff's office of the County of Du Page. The defendant would have us conclude that the State failed to establish its case by its failure to show that a report was not made by the defendant at either of those two alternative stations.

■ Aside from the consideration that the defendant's logic would compel the State to prove a negative, the record does disclose sufficient evidence that no report was, in fact, made. Johnson testified, on direct examination, that he was unaware of any accident until advised by his roommate that the Downers Grove police were looking for him. He then went, voluntarily, to the police station and gave them a statement of his activities on the night of the accident and stated that he did not

"recall hitting anyone." This testimony was, of itself, sufficient evidence of the fact that no report of the accident was made as required by the statute.

■ The record discloses ample evidence to support the court's conclusion of the defendant's guilt. A witness for the State testified that he was driving on Ogden Avenue immediately behind Johnson's vehicle as it crossed the intersection of Cumnor Avenue on the night in question; that he heard a loud noise and saw a body "fly away" from Johnson's automobile; and, that, immediately thereafter, Johnson's car accelerated and left the scene. An expert witness from the Chicago Crime Laboratory testified that paint fragments taken from Stockman's clothing matched paint samples from the front of Johnson's car. Johnson himself testified that he drove through the intersection at the time of the accident but that he was in a "dazed" condition due to a recent fist fight and the alcohol he had consumed that night and was unable to recall that he hit anyone.

■ ■ When a cause is tried without a jury, it is the function of the trial court to weigh the evidence, determine the credibility of the witnesses and to make factual determinations. The People v. Clark, 30 Ill2d 216, 219, 195 NE2d 631; The People v. McCreary, 29 Ill2d 295, 300, 194 NE2d 233. A court of review will not impose its judgment where, as here, there is sufficient credible evidence to substantiate the judgment of the trial court, as trier of the facts.

The defendant also argues that the statement given to the Downers Grove police was a "report" as required by the statute since it contained all of the information of the event known to him. Such a claim is manifestly foolish. The statement was given more than 48 hours after the accident and it was a report, not of an accident, but that Johnson did not recall "hitting anyone." If anything, it was a report of a "nonaccident." For this

reason, we also reject the contention that the statement was improperly admitted into evidence contrary to subparagraph (b) of section 133 (Ill Rev Stats, ibid.), although it also appears that it was offered, not by the State, but by the defense.

Lastly, it is urged that the court committed reversible error by granting the State's motion for a continuance after the trial had commenced. The trial began on February 25, 1966. After several witnesses had testified, the State moved for a short continuance so that the expert witness from the Crime Laboratory could testify. It was represented to the court that a subpoena had been served on the witness only the day before the trial and that the State had learned only that day that he would be unavailable for some ten days. The motion was granted, over objection, and the trial was continued to March 7.

■■ It is recognized by the defendant that ordinarily the question of continuances is left to the sound discretion of the trial court. The Criminal Code provides in section 114-4 (Ill Rev Stats 1965, c 38) at subparagraph (f) that "After trial has begun a reasonably brief continuance may be granted to either side in the interests of justice."

There is nothing in the record to indicate that the defendant was prejudiced by the continuance or that it was granted for any reason other than the interests of justice. We do not feel that the trial court abused its discretion in this instance.

■■ Although it was not raised in the brief of the defendant, we do question the propriety of the trial court's imposition of a second sentence on Count II of the indictment, even though that sentence was to run concurrently with the sentence imposed on Count I. It is well established that separate offenses can be charged in different counts, or in one count, of one indictment if the offenses are part of a single transaction. The

People v. McMullen, 400 Ill 253, 255, 79 NE2d 470; The People v. Fitzgerald, 297 Ill 264, 266, 130 NE 720. Formerly, it was also considered proper to impose sentences on both counts if the sentences ran concurrently, rather than consecutively. The People v. Griffin, 402 Ill 247, 249, 83 NE2d 746. Although the State was entitled to only one satisfaction, it was held that the rights of the defendant were not prejudiced by the multiple sentence if they ran concurrently. The People v. Stingley, 414 Ill 398, 404, 111 NE2d 548. However, the Supreme Court later ruled that the imposition of the second sentence might well prejudice the rights of the defendant, even if it ran concurrently with the first sentence, if only as a disadvantage in any subsequent application for parole. The People v. Schlenger, 13 Ill2d 63, 64, 67, 147 NE2d 316. In such cases, the only sentence to be imposed should be for the greater offense charged in the indictment. The People v. Duszkewycz, 27 Ill2d 257, 261, 189 NE2d 299; People v. Ritchie, 66 Ill App2d 302, 313, 314, 213 NE2d 651.

Although to date the only reported cases on this point involve separate felonies occurring as a result of the same conduct or transaction, there is no good reason why the argument does not apply to a situation, such as here, where the same transaction involves both a felony and a misdemeanor. Therefore, the judgment on Count I of the indictment will be affirmed and the judgment on Count II reversed.

Judgment on Count I affirmed, judgment on Count II reversed.

DAVIS and SEIDENFELD, JJ., concur.