MAY TERM,
1839.

Hilderbrand
v.
The State.

5   548
62a 115

HILDERBRAND v. THE STATE.

1.  Indictment containing three counts: First count charged prisoner with stealing a mare of the value of $30. Second count, with stealing a bell collar of the value of 25 cents. Third count, with stealing a mare and bell collar of the value of $25. There was a general verdict of guilty. Held, that though the third count was double, in joining two distinct offences of a different degree and punishable in a different manner, yet, as there was no demurrer either general or special, nor any motion to quash, the defect was cured by verdict, and could not be taken advantage of by motion in arrest or writ of error.

2.  Under the act concerning crimes and punishments, felonies and misdemeanors cannot be joined in the same indictment, and the offence charged in the second count being only a misdemeanor, there was a misjoinder of counts, and the verdict being general, it was impossible for the circuit court to direct what judgment should be entered.

APPEAL from the circuit court of Jefferson county.

*P. Cole,* counsel for appellant:

The defendant presents the following points in order to the reversal of the judgment of the circuit court:

First count in the indictment is bad, because there is no place stated where the offence was committed, and the court erred in overruling the demurrer. Time and place must be added to every material fact in an indictment—State v. Hardwick, 2 Mo. Rep. 228; Rex v. Holland, 5 T. R. 607; Rex v. Matthews, 5 T. R. 162; Rex v. Dezlett, 1 T. R. 69; 1 John. Rep. 70. If no time or place be stated, or no place where the court does not appear by the indictment to have jurisdiction over the offence, the defendant may demur, move in arrest of judgment, or bring a writ of error—Arch. Crim. Plead. 36; State v. Cook, 1 Mo. Rep. 547.

Second count.—The objection to this count is, that it charges the stealing of a bell collar of the value of twenty-five cents as a felony, when, under our statute, the offence is a mere misdemeanor, punishable by fine and imprisonment in the county jail. The defendant is, moreover, convicted on this count, and punished as for a felony—Digest, 178, sec. 32. The defendant moved in arrest of judgment, but was overruled. This was error in the circuit court.

Third count is bad, because it is double. To steal a mare, is a penitentiary offence, without reference to the value; but to steal a chattel, is not felony, unless of the value of ten dollars or more; under that sum, it is petit larceny and a misdemeanor. There is also a want of certainty in this count. The mare and bell collar are sta-

ted to be of the value of twenty-five dollars. Now, the stealing of the mare, *per se*, was felony—not so of the bell collar, which might be petit larceny—Rex v. Mace, 2 T. R. 381; 2 Hale, 182–3; Arb. Crim. Plea. 49, 60. There is a want of that precision that would enable the defendant to plead a conviction upon this count in bar of another prosecution for the same offence.

4. The defendant is found guilty generally upon this indictment, which consists of distinct substantive offences that are, to some extent, wholly repugnant to each other in grade and punishment. This is a misjoinder, and the court erred in not arresting the judgment—1 Chit. Crim. Law, 209; and also erred in refusing a new trial.

*Brickey*, circuit attorney for the State:
There are three counts in the indictment—one for petit larceny, and two for grand larceny, and a general finding of the jury.

Did the circuit court err in overruling the demurrer to the first count, the exception being the want of venue as to the alleged offence?

NAPTON, Judge, delivered the opinion of the court.

The defendant was indicted by the grand jury of Jefferson county, for stealing a mare—was convicted, and sentenced to the penitentiary for two years. The indictment contained three counts. The first count charged that defendant, on the 20th day of June, in the year eighteen hundred and thirty-eight, with force and arms, at the county, &c., one certain mare, of the value of thirty dollars, then and there being found; then and there did feloniously steal, take and lead away, contrary, &c.

The second count was for stealing a bell collar of the value of twenty-five cents.

The third count charged, that defendant on, &c., at, &c., "one mare, and one bell collar on said mare, then and there being found, of the value of twenty-five dollars, lawful money, of the goods and chattels of one Allen Harness; then and there being found; then and there feloniously did steal, take and lead away, to the evil example," &c.

To the first count of this indictment, there was a general demurrer, which was overruled by the court. After verdict, defendant moved in arrest of judgment and for a new trial.

MAY TERM, 1839.

Hilderbrand
v.
The State.

Indictment containing three counts. First count charged prisoner with stealing a mare of the value of $30. Second count, with stealing a bell collar of the value of 25 cents. Third count, with stealing a mare and bell collar of the value of $25. There was a general verdict of guilty. Held, that though the third count was double, in joining two distinct offences for a different degree and punishable in a different manner, yet, as there was no demurrer either general or special, nor any motion to quash, the defect was cured by verdict, and could not be taken advantage of by motion in arrest or writ of error.

Under the act concerning crimes and punishments, felonies and misdemeanors cannot be joined in the same indictment, and the offence charged in the second count being only a misdemeanor, there was a misjoinder of counts, and the verdict being general, it was impossible for the circuit court to direct what judgment should be entered.

The first count is obviously defective for want of venue. Time and place must be laid to every material fact in an indictment—Arch. Cr. Plead. 16, and athorities there cited.

The third count is double. Two distinct offences of a different degree, and punishable in a different manner, are joined in the same count. To this count there was, however, no demurrer either general or special, nor any motion to quash. I have not seen any case in which this objection has been made available by motion in arrest or writ of error. I incline to think a verdict would cure this defect—Archbold's Plead. p. 55.

But the second count is for petit larceny, an offence upon which the verdict and judgment must be essentially different from what they must be on a charge of stealing a mare. Our law on this subject is conceived to be essentially different from the practice sustained by the English authorities. In England, offences of the same nature could be joined in an indictment, and the only way to object to such joinder, was to move to strike out the objectionable count, and force the prosecutor to rely on some particular count or counts. Our statute has, however, given entirely a new meaning to the word felony, and has drawn a plain and obvious distinction between felonies and misdemeanors, founded solely on the punishment prescribed. The judgment in the two cases must be entirely different, and though in England an indictment might include counts for grand larceny and petit larceny, the practice cannot be admitted under our statutory provisions; there was, then, a misjoinder of counts and a general verdict, and upon the verdict it was impossible for the court to direct what judgment should be entered; for these reasons, the judgment is reversed, Judge Tompkins concurring in this opinion.