## ACKERMAN v. STATE.

CRIMINAL LAW — LARCENY — INFORMATION — PRELIMINARY EXAMINATIONS — EVIDENCE — VERDICT.

1. Burglary with intent to commit larceny, and the larceny itself may be charged not only in the same indictment, but in the same count; and an acquittal upon the charge of burglary, in such case, will not vitiate a verdict of guilty upon the charge of larceny.

2. Under Section 7 of Chapter 123 of the laws of 1895 providing that an information may be filed without a preliminary examination whenever an offense is charged against any person at any time within thirty days immediately preceding the first day of a regular term of court of the county, or within thirty days immediately following the first day of such term should term continue in session for that period, the thirty days mentioned are to be computed from the date of preferring the charge, and not from the date of the commission of the alleged offense.

3. In larceny, where the property is all taken at the same time, it is one offense, whether the goods belong to one person or to several.

4. Where the evidence tended to show that the stolen property was put into a wagon, from which they were stolen, in the morning, and in the evening the theft was discovered, and by means of the tracks of horses the goods were traced to and found at defendant's camp; *Held*, that there was no evidence of more than one taking, and the court can not inject into it a supposition that there may have been two asportations for the purpose of reducing the crime from grand to petit larceny.

5. A verdict as follows: "We, the jury impaneled and sworn in the above entitled cause, do find the defendant William

Ackerman guilty of larceny, and we find the value of the property stolen at $29.15 " is sufficient. It is not essential that the words, "as charged in the information," should be added, if the meaning is otherwise clear.

[Decided September 10, 1898.    Information filed in the district court, October 27, 1897.]

ERROR to the District Court for Johnson County. HON. JOSEPH L. STOTTS, Judge.

William H. Ackerman was convicted of the crime of grand larceny, and he prosecuted error.

A complaint was filed before a justice of the peace charging the plaintiff in error with burglary in breaking and entering a "sheep wagon used as a dwelling house," and stealing therefrom certain personal property. Upon an examination by the justice, the defendant was held to answer at the next term of the district court. Subsequently at such term of court the prosecuting attorney filed an information against the defendant charging him with burglary in breaking and entering "the dwelling house of A. L. and A. M. Brock, then and there used and occupied as a sheep wagon," with intent to commit larceny, and also with the larceny therein of certain goods of Ole Broberg of the value of $23.25, and also certain goods of A. L. and A. M. Brock of the value of $5.65.

To this information the defendant interposed what is entitled a "plea of former jeopardy," setting out that the defendant had been arraigned before the justice on two separate charges of petit larceny charged in one complaint, to which he pleaded not guilty. That the justice had jurisdiction to hear, try, and determine said two charges, but that instead of entering judgment for or against the defendant, said justice held the defendant to answer to a charge of burglary, upon which the defendant had had no preliminary examination; and praying that " said information be set aside and dismissed, and that he be not required to plead thereto." The record disclosed that the cause " coming on to be heard upon the defend-

ant's plea of former jeopardy and motion to dismiss the information," the court overruled "said motion." The defendant then entered a plea of not guilty, and upon a trial before a jury was found guilty of larceny, and the value of the property to be $29.15. Motions for new trial and in arrest of judgment were denied by the court, and the defendant sentenced to the penitentiary.

*Charles H. Burritt* and *Alvin Bennett*, for plaintiff in error.

The complaint before the justice was not sufficient to charge the crime of burglary, and therefore the prosecuting attorney had no right to file an information charging that crime. He had had no preliminary examination on that charge. (L., 1890, 1891, Ch. 29, Sec. 7.) An information can not go beyond the charge made in the complaint, and for which the defendant has been held to answer by the committing magistrate; and where a complaint fails to charge an offense, no valid information can be based upon it. (People v. Howland, 44 Pac., 342; Landrum v. State (Tex.), 40 S. W., 737; State v. Ferris, (Ida.), 51 Pac., 772.) A "sheep wagon" is not a dwelling house nor a building in any sense within the meaning of the statutes relating to burglary. (L. 1890, Ch. 73, Sec. 37; State v. Schuchman (Mo.), 33 S. W., 35; State v. South, 38 id., 716; State v. Bryant, 2 id., 836; Bish. Stat. Cr., Sec. 245.) Two petit larcenies were charged, and not one grand larceny. Property of one person of value of $23.25 and of another of the value of $5.65 was alleged to have been stolen. (U. S. v. Breman, 24 F. C., 1065.) The evidence is insufficient to support the charge of grand larceny. The verdict was insufficient for a failure to refer to the information. (Bish. New Cr. Pro., Sec. 1005; People v. Cumming, 49 Pac., 576 (Cal.); State v. Rome, 44 S. W., 266.)

*J. A. Van Orsdel*, Attorney-General, for the State.

While the complaint before the magistrate charged both

burglary and grand larceny, and was ample upon which to base an information, whether or not it was sufficient is immaterial, by reason of the provisions of Sec. 7, Ch. 123, L. 1895. The prosecutor has authority to file the information without a preliminary examination, as the charge was made within thirty days of the first day of the regular term of court.

A sheep wagon can be held to come with the designation, "or other building whatsoever," or within the designation, "any dwelling house." The point to be considered in determining whether a felonious breaking constitutes burglary is not what kind of a habitation or close was entered, not its structure or appearance, not its location or permanency, but its use. If its use was as a "dwelling house," then the felonious breaking with intent to take constituted burglary. The phrase, "any dwelling house," certainly must be held to embrace a great variety of habitations, and is a reasonable and easily understood use of the English language describing not only the substantial mansion of the wealthy, but also the frail and unpretentious hut of the poor. The dwelling, whether of the rich or the poor, may or may not be permanently located, according to the occupation or necessities of the owner. It embraces the tepee of the Indian and the habitation of the wandering gipsy; it may be on wheels, as, for illustration, the private car of a railroad official or the car of a foreman of a wrecking gang; it may be afloat, as, for example, the steam yacht of a wealthy man, or the tow boat of one engaged in transporting freight on a canal; it may be a tent or a sod house, a boat or a car, but if it is used as a place of habitation, then it would be a dwelling house within the reasonable meaning of the statute, and any attempt to construe the statute as designating or prescribing any particular kind of dwelling house, is a plain violation of its intent.

It is unnecessary to consider that question. The jury did not convict of burglary.

It is a well-established principle of criminal law in this

country that property stolen from different owners, where the theft constitutes one transaction, may be included in one count of the information. (1 Bish. New Cr. L., Secs. 1061–63, and cases cited.) And the aggregate value of the property stolen, irrespective of ownership, if it constitutes one transaction, is to be considered in determining the degree of the crime. (2 Bish. New Cr. L., Sec. 888, and cases cited.)

CORN, JUSTICE.

(After stating the facts as above.) A number of errors are assigned, but the points relied on are in substance that breaking and entering a "sheep wagon," however occupied or used, does not constitute burglary under our statute; that the complaint before the justice was not a sufficient basis for the information upon which the defendant (plaintiff in error) was tried, and the proceedings before the justice did not constitute a preliminary examination as required by the statute; and that the larceny of which the defendant was convicted was two petit larcenies, the value alleged to have been stolen being improperly aggregated to exceed twenty-five dollars, the sum necessary to constitute grand larceny under the statute.

A decision of the first question is not necessary in this case, from the fact that the defendant was acquitted of the crime of burglary upon the trial. It is urged, however, that the mere fact of joining the charge of burglary and trying him upon it is to be presumed to have prejudiced the defendant upon his trial for the larceny. It is so well settled as to require no citation of authorities that burglary with intent to commit larceny and the larceny itself may be charged not only in the same indictment, but in the same count. And it has never been held that an acquittal upon the charge of the burglary will vitiate a verdict of guilty upon the charge of larceny. Indeed, the very reason for pleading it in this way is that in case of a failure to establish the charge of burglary the evidence may yet be sufficient to sustain a conviction for the lar-

ceny. If the evidence were known in advance to be sufficient to establish the higher crime, it would be needless to charge the larceny at all. ·

It is further objected that the proceedings before the justice did not constitute a sufficient preliminary examination upon which to base the filing of the information as required by Sec. 7, Chap. 29, Laws 1890-91. But this act was amended by Sec. 7, Chap. 123, Laws of 1895, so as to provide " that whenever an offense shall -be charged against any person, at any time within thirty days immediately preceding the first day of a regular term of court of the county wherein such offense is charged to have been committed, or within thirty days immediately following the first day of such regular term of court, provided such term shall continue in session for such period, then and in either of such cases, information may be filed without such examination; but in cases last named, the accused shall have the right to a trial at such term of court, Provided, That if the defendant shall not be tried at such term of the district court for the reason that the case is continued upon the application of the prosecution, the defendant shall be entitled to an immediate examination before a committing magistrate."

This charge was preferred on October 23, and the meeting of court was November 8, following an interval of less than thirty days. It is evident that the thirty days mentioned in the amendment are to be computed from the date of the preferring of the charge, and not from the date of the commission of the alleged offense. The act of 1890-91 provided that informations might be filed without such examination whenever the county and prosecuting attorney should be satisfied that a crime or offense had been committed in his county. The amendment above quoted is a modification of the authority delegated to the prosecuting attorney, it being the opinion of the Legislature, no doubt, that the power conferred upon him by the original act was greater than could safely be intrusted to an individual in matters involving the personal liberty of the

citizen.   And the reason for the limitation of thirty days evidently is that a person charged with crime shall not be held indefinitely with no opportunity for a hearing before an officer competent to discharge him in case there shall not appear to be probable cause for holding him to answer for the offense.   The charge having been preferred in this case within thirty days immediately preceding the regular term of court, no preliminary examination was necessary.

But it is strenuously insisted that the facts alleged constitute not grand larceny, but two petit larcenies; — that the defendant has once been tried before a justice of the peace having full jurisdiction to finally try and determine cases of petit larceny, and that he can not lawfully again be tried for the same offense or offenses.   The complaint before the justice charged the defendant with breaking and entering the wagon with intent to steal property therein, and further charged him with the larceny "then and there in said sheep wagon and dwelling house" of certain articles of the goods and chattels of Ole Broberg, stating the value of each, and certain other articles, stating the value of each, of the goods and chattels of A. L. and A. M. Brock, the value of the property of each owner being less than $25, the amount necessary to constitute grand larceny in this State, and that of both owners exceeding that sum.

There was formerly some conflict of authority upon this question, and we are referred especially to U. S. v. Beerman, 5 Cranch C. C., 412 (24 Fed., cases 1065). That case was decided in 1838 and a majority of the court held "if the goods of several persons are stolen at the same time, the stealing of each person's goods constitutes a distinct offense, and may be the subject of a distinct and separate indictment."   The theory upon which the case was decided and its value as an authority are sufficiently illustrated by a brief extract from the opinion.   The court say (at page 1070, 24 Fed., cases) "The gist of the offense (larceny) is the violation done to the right of property of the injured individual,

which it is the duty of the government to protect. The injury done to the right of property of A. is not an injury to the right of property of B. Both are injured, and each has an equal right to call upon the government to punish the offender." It is hardly necessary to say that this is not the theory of the criminal law at all. Larceny is an offense against the public, and it is this which the State undertakes to prosecute and punish. It does not undertake by the penalties of the criminal law to redress private injuries. It punishes an act, done with a certain criminal intent, as a violation of the public law. If the property was all taken at the same time, it is one offense whether the goods belonged to one person or to several. But the point is well settled by the later authorities: 1 Bishop's New Crim. Law, Secs. 1061–1063; Quitzon v. The State, 1 Texas Ct. App., 48; Wilson v. The State, 45 Texas, 76; The State v. Nelson, 29 Me., 329; Nichols v. Com., 78 Ky., 180; Fisher v. Com., 1 Bush, 212.

It is also contended that the evidence does not show that all the articles were taken at the same time, and that it is therefore insufficient to sustain a verdict for grand larceny. The evidence tends to show that the man in charge of the wagon put all the articles in it in the morning and fastened it up; that upon returning in the evening he found it had been entered and the things stolen. Tracks of horses were followed from the wagon to the camp of the plaintiff in error where the goods were found, and the track of a man's shoe having peculiar marks was found near the wagon and a similar track about the defendant's camp. The only explanation offered by the defendant was that the goods were left at his camp by a man whom he did not know. More convictions for the crime of larceny have been based upon this character of proof, perhaps, than any other, and to inject into it a supposition that there may have been two takings and two asportations for the sake of reducing the crime from grand to petit larceny is not justified by any principle of the

law of evidence or common sense. There is no evidence, of more than one taking, and it is not to be presumed that the perpetrator of the offense would expose himself to detection by unnecessarily dividing up his work and making repeated journeys to the place.

The verdict was sufficient. After entitling the cause it recites: "We, the jury impaneled and sworn in the above entitled cause, do find the defendant William Ackerman guilty of larceny, and we find the value of the property stolen at $29.15." It is not essential that the words, "as charged in the information," should be added if the meaning is otherwise clear. "In every verdict there must be a reference to the indictment to make it have any meaning. The verdict is the response of the jury to the charge and to the issue formed upon it. Ordinarily the verdict is "guilty" or "not guilty." The verdict is general, and its legal effect is guilty or not guilty of the charge as laid in the indictment." Arnold v. The State, 51 Georgia, 146. There is no uncertainty in the verdict in this case, and no difficulty in understanding it to be a verdict that the defendant is guilty of the larceny charged in the information. People v. Mc Carty, 48 Cal., 557; Armstrong v. People, 37 Ill., 459; Blount v. State, 49 Ala., 381.

We find no error in the record, and the judgment will be affirmed.

*Judgment affirmed.*

POTTER, C. J., and KNIGHT, J., concur.