(89 South. 826)

**TENNISON v. STATE.** (6 Div. 841.)

(Court of Appeals of Alabama. May 31, 1921.)

**1. Criminal law ⚹878(2)—Count for felony and count for misdemeanor do not sustain general verdict.**

Where the indictment charges a felony in one count and a misdemeanor in another, a general verdict is without effect, and the court cannot pronounce judgment thereon.

**2. Indictment and information ⚹127, 131—Felony and misdemeanor should not be joined; joinder not proper where necessitating different judgments.**

Counts for felony and misdemeanor may not be joined in the same indictment, nor should there be joinder where the judgments required on the different counts would be materially different.

**3. Criminal law ⚹1052—Ruling on continuance not available without exception.**

Ruling denying a continuance was not available, where no exception was reserved thereon.

Appeal from Circuit Court, Pickens County; R. L. Jones, Judge.

R. B. Tennison was convicted of disposing of mortgaged property, and he appeals. Reversed, and defendant discharged.

The first count in the indictment charges that the defendant, with the purpose to hinder, delay, or defraud a body corporate, the Bank of Carrolton, who had a lawful and valid claim thereto, under a written instru-ment, lien, etc., did sell or remove personal property, consisting of (here follows description), the said defendant having at the time a knowledge of the existence of said lien or claim.

The second count charges that the defendant did sell or convey personal property (here follows description) upon which he had given a written mortgage or lien, or deed of trust and which was then unsatisfied, without first obtaining the consent of the lawful holder thereof.

The evidence tended to show a joint mortgage given by Tennison and wife to the Bank of Carrolton, and a note indorsed by another. The defendant's contention was that he never made a mortgage, but only a note, and that he never received the money, but that the money was loaned to his wife and went to pay off a civil judgment against her. It was not disputed that the bull was never turned over on the mortgage debt, but it seems to have been killed and turned into beef. One cow seems to have been recovered, but the corn was not recovered, but appears to have been used.

William P. Stribling, of Columbus, for appellant.

Counsel discusses the objections to evidence, and the failure of the court to grant a continuance, with citation of authority, but does not discuss the matters decided.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The first count of this indictment charges the defendant with the commission of a felony under section 7342, Code 1907.

The second count of the indictment charges him with a misdemeanor under section 7423, Code 1907.

There was a general verdict of guilty, to wit: "We the jury find the defendant guilty as charged in the indictment."

The court thereupon adjudged the defendant guilty of the misdemeanor charged in the second count, but sentenced defendant to an indeterminate sentence of not less than two nor more than three years' imprisonment in the penitentiary, a punishment prescribed for the felony, charged in the first count.

[1] It needs no discussion of the question that where the indictment charges a felony in one count, and a misdemeanor in another, the court was without authority to pronounce judgment upon a general verdict of conviction, for the obvious reason that the court could not know what judgment to impose. Each of the offenses being sufficiently charged, there would be no reason or authority for referring the conviction to one charge rath-

⚹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

er than the other; and the punishments prescribed by law for the several offenses being entirely different, it could not possibly be known what sentence to pronounce.

"A general verdict cannot be sustained where the indictment alleges in one count a misdemeanor and in another count a felony." 1 Mayfield's Dig. 866.

[2] 'The general rule is that counts' for felony and misdemeanor may not be joined in the same indictment;· nor can there be a joinder, where the legal judgment on each count would be materially different. And in order to authorize the joinder, there must be a concurrence in the nature of the offense, the mode of trial, and the character of punishment. Johnson v. State, 29 Ala. 62, 65 Am. ·Dec. 383; Oliver v. State, 37 Ala. 134; Adams v. State, 55 Ala. 143.

From what has been said it is apparent that the judgment rendered by the court in this case is void and the conviction of the defendant thereunder cannot be sustained.

[3] It appears from the record that the defendant was denied a continuance of the cause, and it is here insisted that there was an abuse of discretion on the part of the court in this connection. This question, however, is not presented for review, as no exception was reserved to the ruling of the court on this matter.

We have examined the evidence in this case and are of the opinion that it fails to meet the burden placed upon the state, and that the defendant was entitled to be discharged. The evidence as shown by the record failed to make out a case of felony as charged in the first count of the indictment, and was wholly insufficient to sustain the charge of misdemeanor contained in the second count.

The questions insisted upon by appellant's counsel in brief are not presented for review, but under section 6264 of the Code of 1907 it is the duty of this court to consider all questions apparent on the record or reserved by bill of exceptions, and to render such judgment as the law demands.

We are of the opinion that the defendant is entitled to his discharge. The judgment of conviction is reversed and one here entered discharging the defendant.

Reversed and rendered.