The State v. John Kurtz, Appellant.—295 S. W. 747.

Division Two, June 3, 1927.

1. **JURISDICTION**: Territorial: Mississippi River: Mooring of Boat. By Act of Congress (3 U. S. Stat. 546) and the acceptance by Missouri of the boundary by it defined, the State of Missouri has concurrent jurisdiction over the Mississippi River, and therefore the transportation of intoxicating liquor by boat upon the river may be prosecuted in the Missouri county whose lines, if extended, would embrace the waters traversed by the boat; and the mooring of the boat to the Kentucky shore does not oust the appropriate Missouri county of its jurisdiction to prosecute the offense.

2. **INFORMATION**: Misjoinder: Felony and Misdemeanor: Remedy. To join in the same indictment or information counts charging a felony and counts charging a misdemeanor is error; and the error may be taken advantage of either by demurrer or motion in arrest; and complaint of the misjoinder may be preserved for review in the motion for a new trial, which has now been substituted for a motion in arrest (Laws 1925, p. 198, sec. 4080).

3. ———: ———: Felonies: Same Transaction: Intoxicating Liquor: Manufacture and Transportation. To charge the defendant in the same information with two separate and distinct felonies, one the manufacture of intoxicating liquor and the other the transportation of intoxicating liquor, though they grow out of the same transaction, is error. Only such felonies may be joined as arise out of the same transaction and are so far cognate that an acquittal or conviction for the one would be a bar to a prosecution for the other.

4. **INTOXICATING LIQUOR: Transportation: Two Years before Offense.** In the trial of a defendant charged with unlawfully transporting intoxicating liquor by barge in July, 1925, evidence of the existence of a still and the manufacture of intoxicating liquor on a barge owned by defendant in June, 1923, does not relate to the same transactions or the same offenses, and is incompetent and harmful.

5. ————: ————: **Before Statute Became Effective.** The statute making the manufacture or transportation of intoxicating liquor offenses did not go into effect until June 25, 1923, and evidence that defendant was observed operating a still in June, 1923, is incompetent in his trial for transporting liquor in July, 1925.

6. ————: ————: **Limitations: Misdemeanor.** Prior to June 25, 1923, the statute made the manufacture or transportation of intoxicating liquor a misdemeanor, and the limitation period applicable to misdemeanors is one year, and evidence that defendant, charged with the felony of transporting by boat intoxicating liquor in July, 1925, was observed in June, 1923, to be operating a still on a barge owned by him, was incompetent.

7. ————: **Transportation.** To sustain a charge that defendant was transporting intoxicating liquor by boat it is incumbent upon the State to show that he, or his agents or employees in his behalf, was in possession of and operated the boat, and that intoxicating liquor was transported by means of the boat; and the evidence in this case fails to establish any such possession or transportation.

8. ————: ————: **Possession.** A pint of liquor found in a grip on a boat owned by defendant cannot be charged to him where neither his possession of the grip nor his connection with it is shown.

9. ————: ————: **By Boat: Ownership.** Defendant may not be convicted of transporting liquor by boat on a mere showing that he owned the boat.

10. ————: ————: **Possession: Ownership: Presumption.** Possession of a jug of whiskey found on the shore near where defendant's boat was moored cannot be presumed from his mere ownership of the boat. Nor can a further presumption that he transported the jug upon the boat be based on such presumption of possession.

---

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 215, p. 168, n. 99; Section 967, p. 520, n. 96; Section 970, p. 521, n. 12; Section 1173, p. 605, n. 16; 17 C. J., Section 3330, p. 56, n. 5; Section 3662, p. 320, n. 36. Indictments and Informations, 31 C. J., Section 351, p. 784, n. 3; Section 353, p. 786, n. 28. Intoxicating Liquors, 33 C. J., Section 531, p. 777, n. 58; Section 541, p. 786, n. 52.

Appeal from New Madrid Circuit Court.—*Hon. E. P. Dorris,* Special Judge.

REVERSED AND REMANDED.

*Sharp & Baynes* and *Gallivan & Finch* for appellant.

(1) The court erred in not requiring the State to elect on which count of the information it would proceed to trial; also in overruling defendant's motion to require election both at the close of the State's case and at the close of the whole case. There is a misjoinder of counts

in the information. 31 C. J. 786, sec. 353; Hilderbrand v. State, 5 Mo. 313; Storrs v. State, 3 Mo. 9; State v. Guye, 252 S. W. 955; State v. Link, 286 S. W. 12; State v. Preslar, 290 S. W. 142. (2) The court erred in refusing to instruct the jury that under the law and the evidence they must find the defendant not guilty, as requested by defendant at the close of the State's case and at the close of the whole case. (a) Suspicions, no matter how strong, will not support a conviction. State v. Miller, 234 Mo. 588; State v. Johnson, 207 Mo. 346; State v. Francis, 199 Mo. 671; State v. Young, 237 Mo. 170; State v. Bailey, 286 S. W. 422; State v. Hollis, 284 Mo. 627; State v. Pope, 269 S. W. 411; State v. Clark, 289 S. W. 963; State v. Ridge, 275 S. W. 59; State v. Ballard, 104 Mo. 637; State v. Woodson, 175 Mo. App. 393; State v. Scott, 177 Mo. 672. (b) There is not sufficient proof that the liquor found was moonshine whiskey. State v. Stratton, 289 S. W. 568; State v. Gatlin, 267 S. W. 797. (3) The court erred in telling the jury they could bring in a verdict of guilty and that he would assess the punishment. Fooxe v. State, 7 Mo. 502; State v. Gilbreath, 130 Mo. 500; State v. Hubbs, 242 S. W. 675. (4) The court erred in permitting witnesses, Dick Eakins, Dick Smith and Lawrence Robbs, to testify to seeing the defendant on a boat on which there was a still, long previous to the date of the alleged offense, and to alleged conversations with the defendant. That would in no manner prove the commission of the crime charged. State v. Preslar, 290 S. W. 144.

*North T. Gentry*, Attorney-General, for respondent.

(1) The defendant is in no position to complain of the failure of the court to require the State to elect upon which count the State would ask a conviction of the defendant, as the defendant was only convicted on the second count. If the defendant had been convicted on two or more counts, this court has held that he could then complain. State v. Preslar, 290 S. W. 144. As the defendant was only convicted on one count, the same operated as an acquittal of him on the other counts. State v. Link, 286 S. W. 13; State v. Patterson, 116 Mo. 511; State v. Maurer, 96 Mo. App. 347; State v. Jenkins, 246 S. W. 911. If the case should now be reversed, the State could only ask a conviction of the defendant on the second count, the very count on which he was convicted. The court will not do a useless thing and therefore the defendant cannot now ask for such a reversal. (2) The contents of the jugs and bottle were sufficiently identified. The sheriff and his two deputies testified that it was whiskey, which is sufficient proof. State v. Mitts, 289 S. W. 937. (3) No error was committed by the trial court in giving the so-called additional instruction to the jury. State v. Miles, 199 Mo. 554, 560. Nor was er-

ror committed by the trial court in assessing the punishment, as the jury failed to agree on the punishment and failed to state in the verdict what the punishment should be. Sec. 4048, R. S. 1919; State v. Rollins, 226 Mo. 537. (4) Defendant's motion for new trial does not conform to the requirements of the Act of 1925, hence the court cannot consider or review the action of the trial court in the giving of instructions nor in the refusal to sustain defendant's demurrer to the evidence. Laws 1925, p. 198, sec. 4079; State v. Standifer, 289 S. W. 856. (5) The evidence was sufficient to justify a conviction of the defendant.

DAVIS, C.—On August 27, 1925, the Prosecuting Attorney of New Madrid County filed in the circuit court a verified information in four counts, charging defendant in the first count with the felony of unlawfully manufacturing intoxicating liquor; in the second count, with the felony of unlawfully transporting intoxicating liquor from an unknown place in New Madrid County to a place certain in New Madrid County by means of a boat on the Mississippi River; in the third count, with the misdemeanor of unlawfully possessing a still, etc.; and the fourth count, with the misdemeanor of unlawfully possessing intoxicating liquor. Upon application of defendant, the court granted a change of venue and the Hon. E. P. Dorris, special judge, was called in, who sat during the trial. The court sustained a demurrer to the evidence as to the first count, but over the objection and exception of defendant, on motion requesting an election, the court allowed the cause to go to the jury on the second, third and fourth counts, instructing the jury, however, that a verdict of guilty could only be returned on one count. The jury returned and informed the court they agreed upon guilt as to the second count, but were unable to agree on punishment. The court said: "Then go back and write down what you agreed on—write it out. We the jury find the defendant guilty as charged in the second count of the information but cannot agree on punishment, I will attend to that." The jury retired and returned with the following verdict: "We, the jury, in the above entitled cause find defendant, John Kurtz, guilty as charged in the second count of the information and we do assess his punishment at Failed to agree on punishment." The court then stated that, with the permission of the jury, he would correct the verdict to read, "We, the jury, in the above entitled cause, find the defendant John Kurtz guilty as charged in the second count of the information and we do fail to agree on the punishment." After the jury were polled the court fixed the punishment of defendant at a term in the State Penitentiary for two years. From the judgment thus entered in conformity therewith, defendant duly appealed.

The evidence on the part of the State sanctions the following facts. On a day in July, 1925, upon undisclosed information of suspicious circumstances, the sheriff and deputies traveled by boat across the Mississippi River, opposite New Madrid County, and there found tied to some willows on the Kentucky shore, as we think the State's evidence unqualifiedly discloses, floating in the river, a barge about ninety feet long and twenty feet in width, and two motor boats, propelled by Ford engines. On approaching the barge at between twelve and one o'clock in the night, one of the officers holloed to the outforms of two men discerned, and one answering to ascertain the purpose of the man holloing; the reply forthcoming from the officers was that the sheriff wanted to look over the outfit, upon which the men broke and disappeared in the underbrush. The identity of the men was never ascertained. The only evidence referring to identity came from a deputy sheriff to the effect that one of them was a rather short, small man and the other looked to be a little heavier and a little taller; that he hardly knew how either of the men compared with defendant, you could not tell exactly how large, you could not see good enough to tell exactly—one of the men was something near Mr. Kurtz's size.

There was found on the Kentucky shore, adjacent to the river bank, willows freshly cut to permit the placement of the equipment found, which consisted of about thirty one-hundred-pound sacks of sugar, a cooker, about seventy barrels, a portion of which had had mash in them, a still, worm, jugs of moonshine whiskey, and other equipment. In no other place were willows found cut; they were as thick as could possibly grow, and no path was found leading from the clearing. An hour or so before the incident related, lights were seen about the place from New Madrid. In the barge was found a brick furnace, a whiskey tester and a half pint or pint of moonshine whiskey in a grip. There was some evidence that mash had splashed from barrels on the deck of the barge. Defendant claimed and replevied the barge and motor boats. The sides of the barge were about six feet high, had been recently covered and we may infer was without a cabin. It was dry weather. There was a slight depression between the bank where the boats were tied and the Kentucky bluffs, but it took a stage of thirty feet of water to overflow the depression, that is, a flood stage. At between four and six o'clock the previous evening no barge or boats were seen at the place the sheriff found them.

Over the objections and exceptions of defendant, the court permitted two witnesses for the State, Dick Eakins and Dick Smith, to testify that in 1923, at Simpson's chute, defendant owned a covered barge, with a cabin on it, on which barge whiskey was being made; that a worm seen on the barge in 1923 resembled the worm and the cooker was about the same size as the one introduced in evidence, but it was not known whether they were the same. The defendant had a fleet

of boats on the Mississippi River, and he was engaged in the sand and gravel business, pumping from the bed of the river.

In rebuttal, after defendant had testified, the State introduced testimony tending to show his character for morality was bad, but it developed that this was based on some trouble he had had with his wife. One witness who testified his reputation for morality was bad, also testified that his reputation for truth and veracity as well as honesty was good.

Defendant's evidence tended to show that he hired the boats to one Jim Hesslinger a few weeks before, who was in possession of them. They were delivered to Hesslinger at Cairo. Some few witnesses testified that on June 20th previous, there was no furnace, still or further equipment on the barge fit for use in manufacturing whiskey. Both the State's and defendant's evidence showed that Hesslinger had the sheriff indicted in Fulton County, Kentucy, for stealing the boats, but what became of the matter is not further shown. Such other facts as are germane, if any, will appear in a discussion of the matters treated.

I. By virtue of 3 United States Statutes at Large, 546, and the acceptance by Missouri of the boundary thus defined, within its extended lines this State has concurrent jurisdiction over the Mississippi River. It follows that one transporting intoxicating
**Territorial**     liquor by boat on the Mississippi River may be prose-
**Jurisdiction.**   cuted in the county the confines of which, if extended, would comprise the waters traversed by the boat. That the barge was moored to the Kentucky shore failed to oust the appropriate Missouri county of its jurisdiction to prosecute the offense. [Sanders v. Anchor Line, 97 Mo. 26, 10 S. W. 595, 3 L. R. A. 390; Lemore v. Commonwealth, 127 Ky. 480, 105 S. W. 930, 32 Ky. L. 387; State v. Mullen, 35 Iowa, 199.]

II. The information contained four counts, two of the counts charging felonies, and two misdemeanors. The court sustained a demurrer to the evidence as to the manufacturing count, letting the
                 charge of transportation, possession and possessing a
**Misjoinder.**  still, etc., go to the jury, instructing the jury, however, that a verdict of guilty could only be returned on one count. Thereafter the jury returned a verdict of guilty on the second count, charging transportation. At both the close of the State's case and the whole case the court denied motions by defendant to require the State to elect on which count it would go to the jury.

Under our practice it is error to join counts in the same indictment or information charging a felony and misdemeanor. [Storrs v. State, 3 Mo. 9; Hilderbrand v. State, 5 Mo. 548.] It may be taken advantage of either by demurrer or motion in arrest and as defendant complains of the joinder in his motion for a new trial which has been substituted for the motion in arrest (Laws 1925, sec. 4080, p. 198), the question is preserved. The joinder constituted error.

**Felony and Misdemeanor.**

However, it further appears that defendant was charged with separate and distinct felonies in separate counts, that of manufacturing intoxicating liquor, and that of transporting it. The evidence as to one would not necessarily be germane with respect to the other, for one may manufacture whiskey without transporting it or may transport it without manufacturing it. He may be convicted under proper procedure in separate indictments or informations and sentenced as to both offenses, for they are not cognate. The proof as to one would probably not tend to prove the other. The test as to the right of joinder is stated in State v. Christian, 253 Mo. 382, 161 S. W. 736, thus: ''Clearly then by the method of exclusion and inclusion we may deduce the rule (statutory exception excepted) that only such offenses may be joined as arise out of the same transaction, and which are so far cognate as that an acquittal, or conviction for one, would be a bar to a trial for the other.'' [State v. Young, 266 Mo. 723, 183 S. W. 305.]

**Two Felonies.**

In State v. Link, 286 S. W. 12, BLAIR, J., suggests but does not decide that it is error to include in the same indictment separate counts charging the manufacture and sale of intoxicating liquor. The practice of so doing, unless the offenses are cognate, designed to meet the exigencies of the proof or permitted by statute, has always been prescribed in this State, because we have thought that the assembling and massing of proof of varied crimes in one trial tends to deny the defendant a fair and impartial judicial hearing. Such joinder tends to embarrass the accused and confound him in his defense. It was error to charge defendant with the felonies of manufacturing and transporting intoxicating liquor in separate counts in an information.

III. The information charged and the State's evidence was directed toward proving that defendant was guilty of a violation of the intoxicating liquor act committed in July, 1925. Notwithstanding, the trial court permitted the State to examine witnesses Eakins, Smith and Robbs relative to observing a still and the manufacture of intoxicating liquor on a barge owned by defendant in 1923. Seemingly this evidence was let in on the theory that an offense shown at any time within the Statute of Limitations was admissible. It is evident, however, that the State's trial theory were offenses committed in July, 1925, and that the evidence did not relate to the same

transaction. The State may not play fast-and-loose in this regard, and it must hold to one or the other transaction to show guilt. Evidence of separate offenses in cases of this nature has always been held erroneous and harmful. [State v. Preslar, 290 S. W. 142.]

Moreover, their evidence showed that what the witnesses observed occurred in June, 1923, and we judicially notice that the statutes charging the offenses did not go into effect until June 25, 1923. We further judicially notice that the previous intoxicating liquor statutes determined the manufacture and transportation of intoxicating liquor misdemeanors, and that the Statute of Limitations applicable to misdemeanors is one year according to Section 3738, Revised Statutes 1919.

IV. To render the instant case submissible to the jury on the transportation count, it was incumbent on the State to show that defendant, or his agents or employees in his behalf, was in possession

**Transportation.** of and operated the boats found moored on the Kentucky shore, and that intoxicating liquor was transported by means of at least one of the boats over the waters of the Mississippi River contiguous to the New Madrid County shore. Unless defendant was in possession of and operating the boats used in the transportation, or unless he was jointly interested in the enterprise or participated in the transportation, he committed no offense.

In passing, we may say that the half pint or pint of moonshine whiskey found in the grip on the barge may not be charged to defendant, for neither possession of the grip nor his connection therewith was shown. Others may have been in possession of the boat, or someone may have carried the grip aboard without knowledge on his part that it contained whiskey. One may not be convicted of transporting a commodity unless the facts or circumstances show conscious custody. [State v. Harris, 106 Ore. 211, 211 Pac. 944; State v. Cox, 91 Ore. 518, 179 Pac. 575; In re Baugh, 30 Idaho, 387, 164 Pac. 529.]

The facts establish that defendant was the owner of the boats. He was engaged in the sand and gravel business, maintaining a fleet of boats employed in pumping the commodities from the river bed to barges. The possession by defendant of the barge and motor boats something less than a month previous was shown.

The record contains no evidence of joint enterprise or personal participation in the transportation by defendant. The relevant inquiry then arises as to whether defendant may be convicted of transporting liquor on mere proof of his ownership of the boats. We assume for the purposes of this case, without deciding, for it is unnecessary to do so, that defendant's ownership of the boats was sufficient to warrant the presumption of possession. However, in order to find a verdict of guilty, the jury were permitted to further presume, from

the presumption of possession inferred from ownership, that the jugs of whiskey found on the Kentucky shore were transported over the Mississippi River by one of the boats found moored to the shore; and, second, that he was jointly interested in the enterprise or that he participated in the transportation. The evidence presents a hiatus, showing missing links in the chain of circumstances. It was not the province of the jury to take as a foundation a presumption indulged by law and upon that presumption build two other presumptions in order to establish the State's case.

In order that the State may have an opportunity to obviate the errors found herein, we reverse the judgment and remand the cause for such further proceedings as the State may be advised to take. *Higbee* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.