## PERUE v. STATE
(No. 1688; September 21, 1931; 2 Pac. (2d) 1072)

For the plaintiff in error there was a brief and oral argument by *Mr. F. E. Anderson,* of Laramie, Wyoming.

For the defendant in error there was a brief by *James A. Greenwood*, Attorney General, *Richard J. Jackson*, Deputy Attorney General, and *George W. Ferguson*, Assistant Attorney General, and oral argument by *Mr. Jackson*.

Blume, Justice.

An information was filed in this case against the defendant, William H. Perue, in three different counts, the first count charging him with the possession, on September 5, 1929, of a still, designed and intended to be used by the defendant for the manufacture of intoxicating liquor. The second count charged him with the possession of intoxicating liquor on September 5, 1929, and a third with the unlawful sale of intoxicating liquor on September 4, 1929. Before the introduction of the evidence counsel for the defendant made a motion to require the prosecution to elect upon which count of the information it would proceed to try the defendant. The motion to elect was overruled, and the defendant was convicted upon all three counts of the information. A motion for a new trial was filed, which was

overruled, and the defendant was sentenced pursuant to the conviction upon the first count.

Various errors are assigned, including errors arising upon the trial of the case, and on the ground of misconduct of the jury. In the view we take of the case, however, we need but consider one point, namely, as to whether or not, as against a motion to elect, the defendant was properly tried at the same time for a felony, namely, the possession of a still, and misdemeanors, namely, the possession of intoxicating liquor and the sale thereof, as alleged in the information. Counsel for the state maintain that these offenses were properly joined herein on account of the provisions of Section 30, Ch. 117, Session Laws of 1921, which on this point states as follows:

"In any complaint, information, or indictment for the *violation of this Act,* separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed."

No authority other than this section is cited in support of the contention of the state. The provisions of the section quoted can have no application here, for they apply only to separate offenses *under that act.* In the case at bar, the offenses charged in the second and third counts are offenses and misdemeanors under Chapter 117, supra, but the first count of the information charges an offense under an entirely different and separate act, namely, under the provisions of Chapter 28, Session Laws of 1927, which makes it a felony for any person to knowingly have in his possession a still used, designed and intended to be used for the manufacture of intoxicating liquor, and repeals all acts and parts of acts in conflict with the provisions of that chapter. Nothing is said in the latter act that a charge thereunder might be joined with a charge under Chapter 117, Session Laws of 1921. And no other statute in this state contains any such provision. We must, accordingly, inquire what the rule of law is as to a joinder of a felony and a misde-

meanor in the absence of a statute. That seems to be clear. At common law counts for a felony and a misdemeanor could not be joined. 14 R. C. L. 197; Bishop, Criminal Procedure, Sec. 445. That rule has been upheld by numerous authorities. Tennison v. State, 18 Ala. App. 159, 89 So. 826, 827; Longsine v. State, 105 Nebr. 428, 181 N. W. 175; Davis v. State, 57 Ga. 66; Hilderbrand v. State, 5 Mo. 548; Doyle v. State, 77 Ga. 513; Gilbert v. State, 65 Ga. 449; James v. State, 104 Ala. 20, 16 So. 94; Scott v. Comm., 14 Gratt. (55 Va.) 687; Storrs v. State, 3 Mo. 9; State v. Freels, 3 Humph. (Tenn.) 228; State v. Kurtz, 317 Mo. 380, 295 S. W. 247; State v. England, (Mo.) 11 S. W. (2d) 1024. The case of State v. Kurtz, supra, is almost exactly in point here, in which violations of the liquor laws constituting felonies under the statute were joined with violations of the liquor laws constituting misdemeanors, and the court specifically held that this was error. In the case of Tennison v. State, supra, the court said as follows:

"The general rule is that counts for felony and misdemeanor may not be joined in the same indictment; nor can there be a joinder, where the legal judgment on each count would be materially different. And in order to authorize the joinder, there must be a concurrence in the nature of the offense, the mode of trial, and the character of punishment."

In the case of Longsine v. State, supra, the information was in two counts, one charging the defendant with kidnapping a child and the second charging him with contributing to the delinquency of the child. The reason why a felony should not be joined with a misdemeanor is set forth by the court in the following language:

"The information charges the defendant with a felony under one section of the statute and with a misdemeanor under another. These charges vary widely in the degree of punishment. Child stealing or kidnapping is punishable by imprisonment in the penitentiary for a period of 20 years, and a violation of Section 1263, Rev. St. 1913, is

simply a misdemeanor punishable by a fine not exceeding $500, or imprisonment in the county jail not exceeding six months, or both. It is illegal to charge defendant with a felony carrying with it a sentence second only to murder, and join that charge with a misdemeanor punishable only by fine and jail sentence, and under different sections of the statute. The defendant is handicapped in defending the charge of kidnapping carrying with it the enormous penalty, and being at the same time charged with contributing to the delinquency of a female child. It does not matter that the jury acquitted him of the larger crime. The burden of the defense of the larger crime was imposed upon him, and he had to labor against the prejudice of a heinous crime, which in the eyes of the jury might import guilt under the lesser crime. The county attorney on motion should have elected upon which count he would proceed.''

The strict rule of the common law not permitting any joinder of a count of misdemeanor with one of felony, and not permitting any conviction of the former when the latter was charged, has to some extent been modified in some, if not the majority of states, subject to the rule that the trial judge must see that an accused is not confounded in his defense, that the attention of the jury is not distracted, and that in no aspect are the substantive rights of the defendant adversely affected. Comm. v. Slavski, 245 Mass. 405, 140 N. E. 465, 29 A. L. R. 281. So, in the states where joinder is permitted, it seems that the transaction upon which the charges are based must be the same; there must be only a difference in the degree of the crimes, the one must be included in the other, or necessarily connected therewith, or the misdemeanor must be merely a step in the transaction. Thus it has been held that: under an indictment for felonious assault, a conviction for simple assault will be upheld (Hunter v. Comm., 79 Pa. 503, 21 Am. Rep. 83) ; a charge of leading a woman into concubinage and one of conspiracy to do so is proper (Herman v. People, 131 Ill. 594, 22 N. E. 471, 9 L. R. A. 182) ; a charge of arson may be combined with one for conspiracy to commit arson (Comm. v. Riseman, 257 Mass. 254, 153 N. E. 551) ; a count for embezzle-

ment has been held properly joined with one for obtaining money under false pretenses, the charges arising out of the identical transaction; a charge of felonious assault may be joined with one for simple assault (Comm. v. McLaughlin, 12 Cush. (Mass.) 615; State v. Cryer, 20 Ark. 64); burglary and larceny, if based on the same transaction, may be charged by separate counts in the same information (Ackerman v. State, 7 Wyo. 504, 54 Pac. 228). But if the offenses are separate and distinct, no joinder of felony and misdemeanor is permissible even in that class of cases. Barton v. State, 18 Oh. 221. The felony of keeping a still is, of course, entirely distinct from an act of selling intoxicating liquor, or, for that matter, frequently at least, as apparently in the case at bar, from an act of having intoxicating liquor in one's possession; the one transaction had no necessary connection with the other. No case has been cited or found where, in the absence of a statute, the offenses charged in the case at bar have been permitted to be joined.

It must not be forgotten that we have, or used to have, what is, or at least what was, considered a fundamental and cherished principle in criminal law, that a man should not be convicted of a felony by evidence of another crime. There can be no question of doubt, nor is it of trivial moment, that an accused is prejudiced in the minds of a jury, when evidence appears against him which would indicate habitual criminalty, even though not persuasively. In balancing individual safety and liberty as against the desire or necessity of enforcement of criminal law, the former were heretofore thought of greater importance and were therefore favored or given the benefit of doubt. Courts were forced to make certain exceptions, and permit evidence of another crime where intent was required to be shown. But they have, generally, been cautious not to destroy the vitality of the main rule. Not so in the case of legislative bodies. It cannot be questioned that the principle under discussion is seriously encroached upon when, as has been done, legis-

latures and Congress enact legislation that a man may be charged with and tried for various crimes at the same time, if these crimes are of the same general character or nature. Even the terms "the same general character" and "the same general nature" are flexible, and construction thereof may narrow and ultimately almost destroy the fundamental principle above mentioned. Congress has taken the lead in this encroachment. The whittling process may, nay, probably will continue, in the eagerness to enforce this or that legislation, and it would be hazardous to say, in view of the cycles of civilization, that the time will not come, when we shall be able to view in our own midst the curious spectacle of criminal trials similar in character to .those that took place at Rome in the time of Cicero, in which all acts of an accused during his life time might, apparently, be brought into inquisition. It is not for us to pass upon the wisdom of the policy that tends in that direction. Nor, on the other hand, should we be called upon to change, upon our own initiative, a rule still fundamental in our law, till the legislature has put it into the balance and has found it wanting.

We are, accordingly, constrained to reverse the judgment herein and the cause is remanded to the District Court for further proceedings not inconsistent with this opinion.

*Reversed and Remanded.*

KIMBALL, Ch. J., and RINER, J., concur.