**TAYLOR et al. v. FORT WORTH
POULTRY & EGG CO. et al.**

No. 13610.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 26, 1937.

Rehearing Denied Jan. 14, 1938.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellants.

Nolan Queen, of Weatherford, and Samuels, Foster, Brown & McGee and Sproesser Wynn, all of Fort Worth, for appellees.

SPEER, Justice.

H. L. Taylor, individually and as next friend for his little daughter, Melba June, instituted this suit in the district court of Parker county against Charles Jones, a resident of that county, and the Fort Worth Poultry & Egg Company, a corporation having its domicile in Tarrant county, Tex., for damages sustained by plaintiff on account of the child entering defendant Jones' place of business and drinking a quantity of sulphuric acid.

For convenience, we shall refer to Taylor as plaintiff, to Melba June Taylor as the child, to Charles Jones as defendant Jones, and to the Fort Worth Poultry & Egg Company as defendant corporation.

This appeal involves venue and a plea of privilege by the defendant corporation. The plea was sustained by the trial court.

By the controverting affidavit of plaintiff, he specially pleaded that the court had venue of the suit and jurisdiction of defendant corporation under subdivisions 4, 9, 23, and 23a, of article 1995, Rev.Civil Statutes. However, plaintiff's brief indicates that he relied upon subdivision 29a, as added by Acts 1927, 1st Called Sess., c. 72, § 2, Vernon's Ann.Civ.St. art. 1995, subd. 29a, instead of "23a" as shown in the transcript. There is no such section as 23a in our statutes and we shall therefore treat that recitation in the record as a typographical error and discuss it as it appears in the brief. We feel warranted in doing this.

In so far as is necessary for us to here show as affecting the question of venue, the petition alleges that defendant Jones was engaged in the mercantile business in the village of Brock in Parker county, where he operated a small grocery store situated near the public school building in that community; that the public was expressly and impliedly invited to enter his place of business; that the store was daily visited by the general public, including small school children as customers; that defendant corporation, as a means of carrying on its business, had constituted and appointed defendant Jones as its agent, servant, and employee at Brock, Tex.; that by a written contract defendant corporation had authorized the defendant Jones to transact business for it in its name, place, and stead in that community; that is, the said Jones was thereby authorized to purchase cream of a certain quality for immediate shipment to the corporation's place of business in Fort Worth, Tex.; the allegation shows Jones was to receive two cents per pound for butter fat in the cream so purchased and shipped by him; that the grade of the cream was to be tested by Jones by the means prescribed by defendant corporation before shipping; that Jones had contracted not to buy cream for himself or for any other person; that the cream was to be tested with the appliances and equipment furnished by defendant corporation; that among said equipment was sulphuric acid, shipped to Jones by the corporation in quantities of more than a sufficient amount for use in a single test; that Jones kept all said testing equipment in his said store; that defendant corporation had instructed Jones how such tests should be made and the manner in which it should be purchased, and the kind of containers from which it should be taken; that defendant corporation failed to provide proper materials with which to screen or inclose the equipment; that said appliances were kept in said store near the candy counter; that on the day the child was injured, Jones had tested cream and left a quantity of the sulphuric acid near the candy counter within easy reach of children, such as this child; that the sulphuric acid was a deadly poison, all of which was well known to both defendants; that the acts alleged constituted negligence on the part of defendants, proximately resulting in the injuries to the child thereinafter set out.

Further allegations were made that on about March 2, 1936, while the conditions set out in the petition existed, the child, who was about three and a half years old

and without sufficient judgment and discretion to discern surrounding dangers, was left by her mother in the care of the mother or wife of defendant Jones, who lived in the rear of the store building; that the little girl, in response to her childish instincts, came near the candy counter and was likewise attracted by the equipment, machinery, and appliances for testing cream; that defendant Jones, acting as agent for defendant corporation, had on that day negligently left a small container of sulphuric acid among said equipment within reach of the child; that she found it, and the liquid having the appearance of water, she drank it, from which she received serious and permanent injuries. Further allegations were made of the damages sustained to both plaintiff and the child, for which judgment was asked against defendants and each of them in the sum of $40,000.

The defendant corporation timely filed its plea of privilege, containing all the requisites of such instruments as set out in article 2007, Rev.Civ.Statutes. In response to which plaintiff filed his controverting affidavit as provided under the same statute last above cited. The controverting plea was substantially as set out in the petition, and upon these pleadings the venue issues were tried to the court without a jury. Upon hearing the testimony offered, the court sustained defendant corporation's plea of privilege and in part entered this judgment: "It is therefore ordered, adjudged and considered by the court that the plea of privilege of the said Fort Worth Poultry & Egg Company to be sued in Tarrant County, Texas, be and the same is hereby in all things sustained, and that the venue of said cause is changed from the district court of Parker County, Texas, to the district court of Tarrant County, Texas, and said cause, as to said Fort Worth Poultry & Egg Company, is hereby ordered to be transferred to the district court of Tarrant County, Texas. * * *" From this judgment plaintiff has appealed.

The plaintiff relies upon an assignment of error, the substance of which is that the trial court erred in sustaining and not overruling the plea of privilege of defendant corporation.

Under this assignment he makes three propositions as a basis of the appeal; in effect they are:

(1) When a petition alleges a joint cause of action against two persons, one a resident and the other a nonresident of the county in which suit is instituted, and the evidence establishes a cause of action against the resident defendant, it is error to sustain the plea of privilege filed by the nonresident. This proposition is briefed by plaintiff as being applicable to subdivision 4 of article 1995, Rev.Civ. Statutes.

(2) This action should be maintained in Parker county against the nonresident corporation, because it was shown the cause of action or a part of same arose in that county.

Where, as in this case, the pleadings and proof showed the nonresident defendant was a corporation and had an agent in Parker county and that the damages resulted from the negligence of the agent while a resident of Parker county, the plea of privilege of the nonresident defendant should have been overruled. The two last-mentioned propositions are based on subdivision 23 of article 1995, Rev.Civ. Statutes.

(3) Where an action is filed against two defendants, one a resident of the county where suit is instituted and one a nonresident, and it is alleged and proven that the former is the agent of the latter, the negligent acts of the agent renders the nonresident principal a necessary party to the suit, and he is suable in the county where the agent resides. This proposition involves subdivision 29a, article 1995, Rev. Civ.St., as added by Acts 1927, 1st Called Sess., c. 72, § 2, Vernon's Ann.Civ.St. art. 1995, subd. 29a.

 The first proposition as above mentioned is sound in principle, but we do not believe the testimony offered on the point will support a finding that a prima facie cause of action was made out against defendant Jones, the Parker county defendant. There are sufficient allegations in plaintiff's petition when not attacked by special exceptions to show a cause of action against the nonresident, if a case had been proven against the resident defendant. Such proof would render it unnecessary to prove a case against the complaining party under a plea of privilege. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Fenner & Beane v. Lincoln, Tex.Civ.App., 101 S.W.2d 305; Richardson v. Cage Co., 113 Tex. 152, 252

S.W. 747. But whether or not the testimony was sufficient to establish liability of defendant Jones depends upon the child being an invitee at the time she was injured. There is a marked difference in the duty one owes to a mere licensee and that due an invitee.

■ If the child, when injured on the premises of Jones, was a licensee, he owed her no duty other than to not intentionally, willfully, or wantonly injure her. 30 Tex. Jur., § 175, p. 858, and authorities there cited.

■ In arriving at whether or not the child was an invitee, we must determine from the testimony if she had business with the owner of the store which would render her presence of mutual benefit to both of them. 30 Tex.Jur., § 177, p. 861. It is not contended that the testimony showed any mutuality of interests or benefits. In Mendoza v. Texas & P. Ry. Co., Tex.Civ.App., 70 S.W.2d 261, it is held that there is no difference in the rule when applied to a child or to an adult. See, also, Lyttle v. Harlan Town Coal Co., 167 Ky. 345, 180 S.W. 519; United Zinc Co. v. Britt, 258 U.S. 268, 42 S.Ct. 299, 66 L. Ed. 615, 36 A.L.R. 28.

■ The general rule which assumes that an implied invitation is given to the public to visit a general merchandise store has no application where it is shown that the injured child, as in this case, was not there in response to such an invitation; nor under the facts shown can it be said that because other children frequented the premises, whether on business or otherwise, changes the facts to an inference that she was there on business. The testimony shows that defendant Jones was the uncle of Mrs. Taylor, the mother of the injured child; that Jones' mother, the grandmother of Mrs. Taylor, lived with the Jones family in the rear of the little building in which the mercantile business was conducted. The size of the building comprising the living apartment and the store proper is not material, since they were under the same roof. It appears that the store was about 14 feet by 20 feet, fronting south. The occasion of the child being on the premises was shown to be that on the day of the accident she was brought thereby Mrs. Taylor, her mother, and at the request of the grandmother she was left for the day with the grandmother and Mrs. Jones, the wife of defendant Jones, ostensibly to be cared for by them

during Mrs. Taylor's absence. Defendant Jones left with Mrs. Taylor and was not at the store when the child was injured. The child had apparently wandered from the living quarters into the store part of the building, while following Mrs. Jones about the room as she waited on customers; while in the store the child saw a ball behind the counter and went to pick it up; she then went behind the other counter where the testing equipment was kept and took from a shelf or table 3 or 4 feet high, the container of acid and drank it. The injuries complained of resulted from this deplorable accident. The little girl was upon the premises with the grandmother and Mrs. Jones, standing in lieu of her mother; they were charged with her care and protection the same as would the mother have been had she been with the child; the rule requiring care and watchfulness by the proprietor of dangerous premises to prevent injuries to children seen by him thereon is inapplicable where, as in this case, the child is accompanied by the parent or by some one to whom the child's custody has been committed by the parent. Blossom Oil & Cotton Co. v. Poteet, 104 Tex. 230, 136 S.W. 432, 35 L.R.A.,N.S., 449.

The testimony offered does not tend to show the child was lured to the place of danger because of the attractiveness of the machinery to one of her tender years; nor does it appear that, because of the candy counter situated as it was in another corner of the room, caused her to go behind the other counter where the dangerous articles were; Mrs. Jones testified the two children had followed her behind the counter to get a rubber ball and that the other child came out with her, and that Melba June then went behind the other counter and drank the acid. Defendant Jones knew before he left home that day that the child was being left by her mother with the grandmother and Mrs. Jones; this knowledge was no more than a passive acquiescence to her presence on the premises. We have purposely refrained from discussing in detail the testimony offered, in fear that upon a trial of the case on its merits we would be misunderstood. But we have carefully read all testimony offered at this hearing and have concluded therefrom that the child was a licensee and not an invitee upon the premises, and since her injuries did not result from any willful or wanton act of defendant Jones, no cause of action was

proven against him. Believing this to be the correct rule by which this appeal should be determined, we must overrule the first proposition.

The first paragraph under plaintiff's second proposition claims venue under subdivision 23 of article 1995, upon the ground that the cause of action or a part thereof arose in Parker county. This contention must be overruled for the obvious reason that it is not made to appear from the testimony that a cause of action or any part of one against the defendant corporation arose in Parker county.

The second paragraph of proposition 2 is based upon the theory that defendant corporation had an agent in the person of defendant Jones in Parker county and that, under the subdivision and article last above referred to, the court in that county had venue of the alleged action against the corporation; that subdivision of article 1995, in so far as is applicable here, reads: "Suits against private corporations * * * may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation * * * has an agency or representative."

On this proposition the plaintiff introduced in evidence a written contract between the two defendants which provides in many details the conditions under which defendant corporation would accept cream purchased by defendant Jones and shipped by him to the corporation's plant in Fort Worth, Tex.; the grades were specified, the manner of ascertaining the grade by Jones before shipping was set out; the equipment for testing cream and grading by him was furnished by the corporation; it advanced to Jones the money with which to make the initial payment to the customer, reserving the right that, if and when it received the shipment it did not meet the grades agreed upon, the corporation could reject the cream and charge the price paid therefor back against Jones; that for all cream accepted by the corporation it would pay to Jones a commission of two cents per pound for the butter fat therein; that the contract could be terminated by either party upon 30 days' notice to the other. If it could be said that under such a contract an "agency" was created in Parker county, or that under its terms the defendant corporation had a "representative" in that county, neither of

which conclusion will necessarily follow from the facts proved, the burden was on the plaintiff to make a prima facie case of actionable negligence against the corporation before he could maintain venue in Parker county against it. If plaintiff had alleged a cause of action against the corporation for acts other than those of the alleged agent, and then had proven agency, he could have maintained his suit in Parker county against the corporation by showing an agency in that county. But this is not the case before us. No attempt was made to charge the corporation with negligence except in so far as the acts of defendant Jones became the acts of the corporation. From what we have said under the first proposition herein, there was no negligence of defendant Jones proven, and hence none of his acts could be attributed to defendant corporation as a ground for relief. The quantum of proof necessary to discharge the burden resting upon plaintiff, generally, in contests of pleas of privilege, is fully discussed by the commission to the Supreme Court in Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91, to which we refer, along with the cases there cited. We can find no merit in the proposition offered and it is overruled.

The third proposition is based on subdivision 29a, of article 1995, Rev.Civ. St. 1925, as added by Acts 1927, 1st Called Sess., c. 72, § 2, Vernon's Ann.Civ.St. art. 1995, subd. 29a. By the provisions of this section an exception to the general venue statute is made when an alleged cause of action is shown to be a joint one between named defendants, one or more of whom reside outside the county where the suit is pending. What we have previously said in discussing other propositions relative to the testimony offered to show actionable negligence on the part of either defendant is applicable here. This will dispose of the proposition against the contention of plaintiff.

What we have said should not control ultimate findings on the facts, if additional testimony should be introduced upon the trial of the case on its merits. The trial court found the issues raised by the testimony to be in favor of the plea of privilege, and there is testimony of sufficient probative force to support the judgment, and we are not at liberty to reverse those findings, even though we disagreed with that court.

Finding no reversible error in the record, the assignment and propositions thereunder are overruled, and the judgment of the trial court is affirmed.